THE CHURCHILL GRAIN AND SEED COMPANY vs. F. B. NEWTON.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

In the absence of any assignment of error presenting a claim for a correction of the finding, this court is not at liberty to resort to the evidence and construct a new finding in whole or in part.

A contract in June for the delivery of several carloads of oats to be shipped either in that or the following month as thereafter directed by the vendee, is not a present sale which at once passes title to the vendee, but is an agreement for a future sale of oats not yet identified.

A vendor is not bound to await the expiration of the period within

which goods are to be delivered pursuant to a contract which the vendee has already definitely and unqualifiedly repudiated. Under such circumstances the vendor may elect to accept such repudiation as an anticipatory breach terminating the agreement, and may recover as damages the profit he would have made had the contract been fully performed.

A sale of goods for the purpose of fixing damages for the vendee's breach, cannot be regarded as an appropriation of the goods to an existing agreement, but rather as a recognition of the fact of the vendee's repudiation and as an election by the vendor to accept such repudiation as terminating their agreement.

A material fact omitted from the finding may be supplied by reference to the pleadings and judgment-file, provided they show that such fact was an issue in the case and was decided by the judgment.

Argued January 13th—decided March 19th, 1914.

ACTION to recover damages for refusal to accept and pay for certain carloads of oats, brought to and tried by the Court of Common Pleas in Hartford County, *Markham, Associate-Judge;* facts found and judgment rendered for the plaintiff for $393, and appeal by the defendant. *No error.*

The plaintiff, a corporation doing business in Buffalo, New York, and the defendant, who was a merchant at Plainville, Connecticut, contracted on June 8th, 1912, for the sale of five carloads—about 7,500 bushels— of No. 2 white oats, to be shipped from Buffalo to points as later directed; deliveries to be made in June or July, price 62 cents a bushel, or if not taken until July, 62½ cents, less freight to Boston points; also for two carloads of new No. 3 white oats, to be shipped during September, 1912, to Plainville, at 49 cents per bushel, less freight to Plainville. Payment by sight draft, bill of lading attached.

The defendant took and paid for two carloads of No. 2 oats, and wired the plaintiff on June 18th to cancel the balance of the contract, which the plaintiff declined to do. After fruitless negotiations for a settlement, the defendant, shortly before July 22d, 1912, informed

the plaintiff's agent that he should give no shipping instructions for any of the. oats, and would not accept or pay for any more oats under said contract.

On July 22d and 24th, at Worcester, Massachusetts, the plaintiff sold three carloads of No. 2 white oats and two carloads of No. 3 white oats at a loss, as found by the court, of $370, for which amount, with interest, judgment was rendered.

*William F. Henney,* for the appellant (defendant).

*A. Storrs Campbell,* for the appellee (plaintiff). .

BEACH, J.   The errors assigned relate only to the rulings of the trial court upon claims of law made at the trial, and do not present any claims for correction of the finding, although the evidence and exhibits have been certified to this court in attempted conformity with § 797 of the General Statutes.   Under these conditions the findings of the trial court as made must be taken as the basis of our decision upon the questions of law presented by the assignments of error.   We are not at liberty, in the absence of any assignments of error presenting claims for correction of the finding, to resort to the evidence and construct a new finding in whole or in part.   *Dennison* v. *Waterville Cutlery Co.,* 80 Conn. 596, 69 Atl. 1022.

The trial court held that the contract had been terminated before July 22d in consequence of the defendant's unqualified refusal to accept or pay for any more oats under the contract; and the principal question presented by the appeal is whether the court erred in so holding.   There are other assignments of error, but they are founded upon the `assumption that the contract remained in force and effect at the time the plaintiff sold certain carloads of oats at Worcester on July 22d

and 24th for the purpose of fixing the loss occasioned by the defendant's breach.

The first and third assignments of error present the claim that as a prerequisite to any recovery the plaintiff was bound to ship the oats to the place of delivery within the time limited by the contract. It is enough, without assenting to this claim, to point out that it begs the principal question in controversy by assuming that the contract remained in force until the expiration of the delivery period named therein.

The second and fifth assignments of error, which claim that the plaintiff had no right to sell the oats to any other person than to the defendant, are not only open to the same criticism, but they wrongly assume that the defendant had acquired title under the contract to the oats which remained undelivered. It is clear, however, from the terms of the contract, that the agreement was for the future sale and delivery of carloads of oats which had not then been identified, and, so far as any finding is concerned, were not (except for the two carloads accepted and paid for) thereafter appropriated to the contract by the seller. The sale of certain carloads of oats on July 22d and 24th, after the repudiation of the contract by the defendant, was for the purpose of fixing damages for the breach, and cannot be treated as an appropriation of the oats to an existing contract.

The underlying question whether the contract had been terminated, and if so, under such conditions as to entitle the plaintiff to recover damages, is directly presented by the fourth and sixth assignments of error. Upon this point the finding establishes a definite and unqualified refusal by the defendant, shortly before July 22d, to give any shipping directions or to accept or pay for any more oats under the contract. At the time when the defendant thus gave notice of an at-

tempted repudiation, the contract had been partly performed, and the plaintiff was entitled to treat the attempted repudiation, at its election, as putting an end to the contract, and to recover as damages the profit which it would have made if the contract had been fully performed. Sales Act, § 64 (Public Acts of 1907, Chap. 212); *Home Pattern Co.* v. *Mertz Co.,* 86 Conn. 494, 86 Atl. 19. It is true that the agreement for the sale of No. 3 oats deliverable in September, was evidenced by a separate paper; but the pleadings on both sides treat the whole transaction of June 8th as a single contract, and, on familiar principles, it may be so regarded.

The plaintiff did treat the contract as at an end by promptly selling three carloads of No. 2 and two carloads of No. 3 oats, and crediting the defendant's account with the proceeds with a view to fixing its damages. The only possible uncertainty in the case arises from the lack of any finding that the plaintiff notified the defendant that it intended to sell or had sold the oats, or that it accepted the defendant's repudiation of the contract. *Wells* v. *Hartford Manilla Co.,* 76 Conn. 27, 55 Atl. 599. This omission, however, is supplied by the pleadings and judgment. The complaint alleges, and the answer denies, that on receiving notice from the defendant of his intended repudiation the plaintiff notified the defendant that it would sell the oats at the highest price obtainable and credit the proceeds on the defendant's account. The judgment-file finds the issues for the plaintiff, and, as there is nothing in the special finding inconsistent with the allegation last referred to, the judgment-file finds that notice was given as alleged, so far as such notice is necessary to support the judgment. *St. Bridget Convent Corporation* v. *Milford,* 87 Conn. 474, 88 Atl. 881. It follows that the trial court was right in holding that the

Churchill Grain & Seed Co. v. Newton.

plaintiff was not bound to await the expiration of the delivery period fixed in the contract, but might and did treat the defendant's unequivocal and absolute refusal to complete the performance of the contract already begun as an anticipatory breach, putting an end to the contract. *Wells* v. *Hartford Manilla Co.*, 76 Conn. 27, 36, 55 Atl. 599; Sales Act, § 64. This conclusion admittedly disposes of the claim made in the seventh assignment of error, that the defendant was entitled to notice of the time and place of the subsequent sale of the oats made at Worcester on July 22d and 24th. These sales were apparently made in attempted conformity with § 60 of the Sales Act, either on the mistaken theory that the property in the undelivered oats had already passed to the defendant, or out of abundant caution lest such a claim should be made. However that may be, their only relevant legal effect on this appeal is as showing that the plaintiff did elect to treat the contract as at an end, and as tending to show the market price of No. 2 and No. 3 oats, in carload lots, on the days of the sales at Worcester. No doubt the damages which the plaintiff was legally entitled to recover in respect of the failure to accept and pay for No. 3 oats deliverable in September, might have been more accurately fixed by evidence of the market price of such oats at Plainville in September, 1912. Sales Act, § 64. But it is not assigned as error that the damages for nonacceptance of September oats deliverable at Plainville were fixed by reference to the market price at Worcester in July, and we infer that for some reason, perhaps because of a falling market, the defendant has elected to make no objection on this ground.

There is no error.

In this opinion the other judges concurred.