HENRY E. SHANNON, ADMINISTRATOR, *vs.* C. ANTOINETTE FISKE MERENESS.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An appellant is entitled as matter of right to a finding of facts, if properly requested, notwithstanding the trial judge may be of the opinion, and so express himself in the memorandum of decision, that the case presented no questions of law and that no such rulings as those set forth in the request were made.

The memorandum of decision is not a finding of facts and cannot be used by this court as a substitute for it.

Submitted on briefs January 26th—decided March 26th, 1915.

APPLICATION of the plaintiff and appellant to this court, for an order requiring the trial judge (*Burpee, J.*) to make and file a finding of facts.

*Henry E. Shannon* and *Frank L. Wilder,* for the plaintiff.

*Edward K. Nicholson,* for the defendant.

PER CURIAM. The above-entitled case was tried upon issues of fact to the court in the Superior Court in Fairfield county, and judgment therein rendered in favor of the defendant. The plaintiff thereupon, in due course and form, requested the trial judge to make and file a finding of facts for the purposes of appeal. The request stated that it was desired to have six questions of law reviewed. Two of these questions were, in effect, the general one whether there was error in the rendition of the judgment; the other four whether the court did not err in making certain recited rulings. The judge denied the request, and filed a memorandum of his reasons for so doing. In substance these reasons were that the court made no such rulings as those set out in the request, and that the case under the facts found presented no questions of law.

The court's conclusions of fact, as stated in the memorandum, appear to demonstrate the correctness of these propositions, and the probable practical uselessness to the plaintiff of a finding, unless he can reasonably ask for its correction in some material respect as being without foundation in evidence. But unfortunately the memorandum may not be used by us as a substitute for a finding of facts, and we are compelled to govern our action without reference to its statements. As a practical matter it would doubtless be reasonably safe to assume that a finding filed would be as conclusive of the plaintiff's rights on appeal as the statements in the memorandum, but for our judicial purposes we are not justified in making that assumption.

We are of the opinion that the plaintiff is, as a matter of right, entitled to have a finding made, and especially so as we have no means of determining that an attack

cannot fairly be made upon the court's conclusions of fact.

It is hereby ordered that the trial judge, within a reasonable time, make and file a finding of facts in said cause.