WILLIAM C. HOYT ET AL. *vs.* CITY OF STAMFORD.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued January 5th—decided March 21st, 1933.

*Warren F. Cressy,* for the appellants (plaintiffs).

*Maurice J. Buckley,* for the appellee (defendant).

MALTBIE, C. J.   This is an appeal from an appraisal of damages and assessment of benefits based upon the widening of Summer Street in Stamford, taken to a judge of the Superior Court under the provisions of the charter of the city.   17 Special Laws, p. 586, § 223. Two pieces of property are involved, one owned by the appellants Komenak and the other by the appellants Hoyt.   The charter of the city provides that an appeal from an appraisal of damages or assessment of benefits shall consist of a written petition for a reassessment or reappraisal, and that the judge may reassess the benefits and damages and correct any errors which may be shown to exist in the report or schedules of the city authorities.   The powers thus given to the judge to which the appeal is taken are not so broad as those

granted to the authorities hearing such appeals under some of our other city charters; *Bishop* v. *Meriden,* 115 Conn. 624, 630, 162 Atl. 846; the concluding clause can only refer to errors affecting the appraisal of damages to or assessment of benefits against the particular appellants; and this the appellants recognize in the statement in their brief as to the questions presented by the appeal. The issues before the judge of the Superior Court upon the appeal, were whether the city authorities had failed to award to the appellants the amount of damages to which they were entitled or had assessed against them too great an amount of benefits.

The finding is rather confused and unduly repetitious, but from it and the exhibits made a part of it the following situation appears with reference to the property of the appellants Komenak. It is located on the west side of Summer Street, at its intersection with Bedford Street. It was bought by them as two lots, each having a frontage of sixty feet on Summer Street and an average depth of about one hundred and seventy feet. The neighborhood is residential in character. The city has never established a building line along Summer Street across the property of these appellants, but it is subject to certain building restrictions created by deed and designated as covenants running with the land, which forbid the erection of any building upon it nearer Summer Street than thirty feet. At the corner of Summer and Bedford Streets, the former meets the junction of two state highways and it is a street for through traffic from them. Because traffic coming from Bedford Street is partly hidden and because of these intersections, traffic coming north on Summer Street usually comes to a stop or slows down before reaching the corner. The establishment of the new street line gave the street a width of seventy feet. While the finding does not state with any

degree of certainty how much of appellants' land was thereby taken, the exhibits indicate that the new line was set back about eleven feet from the old line. The trial court has also found in considerable detail that, since the proceedings involved in this appeal, the street has been in fact widened and improved. The city without expense to the appellants built a new stone wall across their property within the new street line, but somewhat back of one formerly there, which was not so high, and graded their property, without expense to them. The paved portion of the street in the neighborhood of the appellants' property had been only about twenty-five feet wide and was in a very bad condition—full of holes and ruts—and with no sidewalk, nor storm water sewer nor sanitary sewer near the property; but since the widening of the street, the city has laid a concrete pavement forty feet wide, constructed sidewalks six feet wide next the curb and installed sanitary and storm water sewers and a modern lighting system, all without expense to the appellants. Since these improvements were made, traffic on Summer Street has greatly increased, as has also its speed. The trial judge has also found that the market value of the property after the establishment of the street line and "the completion of said public improvements on Summer Street was the same as before the establishment of said street and before the completion of the public improvements" and that the benefits and damages "by the establishment of said street line and improving of Summer Street are equal." The trial judge then concluded that the damage to the property of these appellants by virtue of the taking of their land was $1 and the benefits accruing to the land were $1.

The first thought that comes from a study of this record is that it is not possible to determine upon what basis the trial judge founded his final conclusion that

the damages and benefits to the property of these appellants were each $1. It is the duty of a trial court not only to find such material facts as are proven, but also to make manifest the basis of its decision, and this the trial judge failed to do. *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 140, 39 Atl. 104; *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 404, 130 Atl. 794. Lacking a finding which fairly shows the basis upon which a trial court has proceeded in reaching its ultimate conclusion, we have no means of determining that an attack cannot fairly be made upon that conclusion. *Shannon* v. *Mereness,* 89 Conn. 284, 285, 93 Atl. 529. The charter of the city clearly contemplates that the appraisal of damages and assessment of benefits shall be separately computed, to the end that each property benefited shall be charged, not with the amount to which it is actually benefited, but with its proper proportion of the total amount of the damages appraised and the cost of the improvement chargeable on account of it. *Bishop* v. *Meriden,* 115 Conn. 624, 629, 162 Atl. 846; *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 216, 146 Atl. 20. The findings that the market value of the property of these appellants was the same after as before the establishment of the street line and the making of the improvements, and that the damages and benefits to the property were equal were no justification for the conclusion of the trial court that each amounted to only $1. Both of these findings might be true and yet both damages and benefits might have amounted to a considerable sum. Regarded as a basis for the conclusion of the trial judge, they indicate very clearly that he failed to regard the damages and benefits as matters to be separately determined.

Moreover, the finding that the market value of the property of these appellants was the same after as be-

fore the establishment of the new street line and the completion of "said public improvements," coming as it does after the narration in the previous paragraphs of the improvements made in the street by the new paving, the construction of sidewalks and sewers, and the installation of a new lighting system, clearly imports that the trial judge took into consideration matters not involved in the proceedings for the setting back of the street line. It is the rule that where a portion of a tract of land is taken in the widening of a street, the proper measure of damages is the difference in value of the whole tract as it lay before the taking and the value of what remains "thereafter and after the completion of the public improvement." *Munson* v. *MacDonald,* 113 Conn. 651, 657, 155 Atl. 510; *Tyler* v. *Darien,* 115 Conn. 611, 618, 162 Atl. 837. "Public improvement" as used in that rule means the particular improvement on account of which damages are being appraised, in this instance the setting back of the street line. See *Young* v. *West Hartford,* 111 Conn. 27, 33, 149 Atl. 205; *Tyler* v. *Darien, supra,* p. 617. The same principle applies in the assessment of benefits; only those may properly be considered which result from the particular improvement on account of which the assessment is made. Such changes in the street as occurred in this instance after the widening, by reason of repaving, the construction of sidewalks and the like, may have an evidential value in showing the use which it may be anticipated will be made of the land taken, but have no further significance. *Tyler* v. *Darien, supra.* Subsequent construction of sewers and the installation of a new lighting system can have little if any weight even of an evidential character. We cannot avoid the conclusion that the trial judge took into consideration improper elements in his determination

of benefits and damages with reference to the Komenak property.

The trial judge has found that the property of the appellants Hoyt consisted of a piece of land with a fifty-foot frontage on the west side of Summer Street and with a depth before the street widening of about sixty-eight feet. There was an established building line across the property, and under the ordinances of the city no building could be constructed beyond such a line, although cornices might jut three feet beyond it and certain lesser projections beyond it were also permitted. There was a building upon the premises no part of which projected beyond the building line. This building was of two stories and had a hall on the first floor formerly used as a school. Property along the portion of Summer Street where the premises of the appellants Hoyt are situated is of a potential business character, and their premises are adapted to such a use. The new street line was made coincident with the building line and the effect was to bring within the street a strip of land across the front of the property nine and eight tenths feet wide. The city has never paved nor completed the improvement of Summer Street in front of the property of these appellants, and no proceedings are pending for its improvement. The trial judge then went on to find that the market value of the property was the same after the establishment of the street line as before its establishment, and that the benefits and damages on account of the improvements were equal. He reached the conclusion that the damages and benefits to the property were each $1.

As we have already pointed out with reference to the Komenak property, the last findings are insufficient to support the conclusion of the trial judge, nor are we able to determine upon what basis he reached those conclusions. In the evidence brought before us by

the appellants under a motion to correct the finding, is testimony to the effect that the property was only valuable for business purposes of a type which would make desirable a building constructed out to the street line, and hence the fact that the new street line corresponded with the existing building line resulted in there being no decrease in the value of the property. Had the trial judge found this to be so, a conclusion that these appellants were entitled only to nominal damages would have been justified, and the assessment of nominal benefits would have been at worst harmless error. But the trial judge has made no such finding and we cannot make it, at least in the absence of any request to do so. Lacking it, the subordinate facts found do not support the conclusions reached by the trial judge.

It is not necessary to consider the other errors assigned.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.