PERLEY VIGUE *v.* THE JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 3—decided April 28, 1960

*Edward B. Scott,* for the appellant (defendant).

*Richard D. Gilland,* for the appellee (plaintiff).

MURPHY, J. The defendant has appealed from a
judgment holding it liable to pay $500 to the plain-
tiff as beneficiary of an industrial life insurance
policy on the life of Rose Vigue. We are handi-
capped in our consideration of the case by the man-
ner in which the pleadings were drafted, and we are
precluded from a review on the merits by the de-
fective way in which the appeal record was pre-
pared.

In its answer, the defendant admitted the first
thirteen words of paragraph four of the complaint
and denied the last twenty-two words. It then de-
parted from the established practice of setting up
matters in avoidance as a special defense under

Practice Book § 102 by labeling them "By Way of New Matter." The plaintiff, in his amended reply, admitted the last eleven words of paragraph three of the new matter in the answer and denied the first six words. He proceeded to answer and avoid the special defense by affirmative allegations which he labeled "By Way of New Matter" instead of "Reply to Special Defense." Practice Book § 109. The defendant, in a rejoinder, then admitted the last eighteen words of the new matter in the reply but denied the remainder. Pleadings should be direct, precise and specific. When a pleader wishes expressly to admit or deny only a portion of a paragraph, he must recite that portion. Practice Book § 106. The court should not have to mathematically dissect the pleadings in order to understand them. The forms of pleadings and the rules governing their use are to be found in the Practice Book. Since 1879 it has served its purpose, occasional changes being adopted as the need is demonstrated. See Prefatory Note, Practice Book (1922). Innovations should not be put into practice ex parte by counsel. Suggestions to improve the practice should be submitted to the rules committee of the judges.

The defendant has not challenged any of the facts as found by the court. It seeks to add certain paragraphs of the draft finding. The case was tried without a stenographer. As there is no appendix containing a narrative statement of the relevant evidence upon which the corrections are claimed, no additions are possible. Practice Book §§ 447, 448. The finding does not incorporate the exhibits, so that the application for insurance and the policy are not included in the appeal record. The four claims of law cannot be added to the finding. *Goldblatt v. Ferrigno,* 138 Conn. 39, 42, 82 A.2d 152. The way

to accomplish this was by a motion to correct the record. Practice Book § 423; *West Hartford* v. *Talcott,* 138 Conn. 82, 92, 82 A.2d 351.

One of the defendant's assignments of error, however, is that the ultimate conclusion that the plaintiff should recover a judgment is unsupported by the facts set forth in the finding. This assignment of error must be sustained, since the finding does not contain sufficient subordinate facts or any of the ultimate facts upon which the judgment was based. No conclusions of either fact or law are included in the finding other than the ultimate conclusion that the plaintiff was entitled to judgment. It is impossible to tell whether the court concluded that the knowledge which the agent selling the policy had of the insured's heart condition was the knowledge of his principal and whether the court treated the conduct of the agent as creating an estoppel against the defendant's enforcement of the forfeiture provisions of the policy or as waiving the right to claim a forfeiture. Without a proper foundation, the judgment cannot stand. *Hoyt* v. *Stamford,* 116 Conn. 402, 406, 165 A. 357; Maltbie, Conn. App. Proc. § 141. In addition, the record does not include a formal judgment file. Practice Book § 202.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KING, MELLITZ and SHEA, Js., concurred; BALDWIN, C. J., concurred in the result.