BEULAH FAILLE *v.* DOROTHY W. HOLLETT ET AL.

KING, MURPHY, SHEA, ALCORN and HOUSE, Js.

398

Argued February 5—decided March 8, 1963

*Bruce W. Manternach,* with whom, on the brief, was *Colin C. Tait,* for the appellants (defendants).

*Charles M. Rice,* for the appellee (plaintiff).

ALCORN, J.   The defendants, owners of a dwelling, appeal from a judgment awarding damages to the plaintiff for personal injuries sustained as the result of a fall caused by a dangerous condition in the defendants' premises.  The issues raised by the pleadings were the negligence of the defendants and the contributory negligence of the plaintiff.  The correctness of the court's decision on these issues is attacked by the appeal.

The finding contains only the subordinate facts, and the conclusions based thereon, relating to the issue of the defendants' negligence.  It sets forth no conclusion on the issue of the plaintiff's contributory negligence.  This omission is, however, supplied by the pleadings and the judgment. *Churchill Grain & Seed Co.* v. *Newton,* 88 Conn. 130, 134, 89 A. 1121; *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 88, 91, 111 A. 360.  The special de-

fense alleged the plaintiff's contributory negligence, the reply denied it, and the judgment found the issues for the plaintiff. Consequently, the issue of contributory negligence was found in the plaintiff's favor. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260.

With the finding thus aided by the recital in the judgment, we are confronted by a record in which the court has concluded that the plaintiff was free from contributory negligence but has found no subordinate facts to support that conclusion. All that appears is that the plaintiff entered the defendants' kitchen doorway as a social guest and later, while leaving by the same route, stepped on the edge of a doormat which overlapped the edge of a rectangular depressed area about one inch deep in the concrete floor of the entryway outside the door and fell. We cannot supply facts; we must take the finding as it is. The request for a finding and draft finding showed that the court's conclusion that there was no contributory negligence was being attacked by the appeal. Under these circumstances, the finding should state the subordinate facts from which this conclusion was reached. Practice Book § 391; Maltbie, Conn. App. Proc. § 134. Where, as in this case, they are omitted, we must determine the issue on the facts found. *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 540, 129 A. 527; *Hayward* v. *Plant,* 98 Conn. 374, 381, 119 A. 341. Since no facts have been found by the court to sustain its determination of the issue of contributory negligence, the judgment on that issue is unsupported. In the ordinary case, a conclusion of freedom from contributory negligence is one of fact. *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470; *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d

685. It becomes a matter of law only when the conduct involved is manifestly contrary to that of the reasonably prudent man or is plainly and palpably like that of such a man. *Farkas* v. *Halliwell,* 136 Conn. 440, 445, 72 A.2d 648. From the meager facts in the finding bearing on the conduct of the plaintiff, we are unable to determine whether she was chargeable with contributory negligence. Inasmuch as the finding fails to show the basis upon which the trial court reached its ultimate conclusion on this issue, we have no means of determining that an attack cannot fairly be made on that conclusion. *Vigue* v. *John Hancock Mutual Life Ins. Co.,* 147 Conn. 305, 307, 160 A.2d 484; *Hoyt* v. *Stamford,* 116 Conn. 402, 406, 165 A. 357; Maltbie, Conn. App. Proc. § 141. Consequently, a new trial is required. *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, 604, 1 A.2d 140.

The view which we take of the case makes it unnecessary to discuss the defendants' other assignments of error. The defendant Gordon W. Hollett raises no issue as to his lack of liability under the principle of cases such as *Laube* v. *Stevenson,* 137 Conn. 469, 475, 78 A.2d 693, and *Hennessey* v. *Hennessey,* 145 Conn. 211, 213 & n., 140 A.2d 473.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MURPHY, SHEA and HOUSE, Js., concurred; KING, J., dissented.