JOHN RUSINAK ET AL. *v.* SAMUEL PAUSHTER

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 6, 1963—decided January 21, 1964

*Raphael Korff,* for the appellant (defendant).

*Harold Sobel,* for the appellees (plaintiffs).

MURPHY, J. No additions to the finding can be made, since neither brief included an appendix containing the evidence relevant to the changes claimed. Practice Book, 1963, § 717; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193; *Vigue* v. *John Hancock Mutual Life Ins. Co.,* 147 Conn. 305, 306, 160 A.2d

484. The other corrections sought in the finding are not warranted.

On October 9, 1952, the plaintiffs entered into a written contract to purchase from the defendant a newly constructed house at 76 Ashton Street, on the corner of Ashton and Ardmore Streets in Bridgeport. There were then no sewers or sidewalks on Ashton and Ardmore Streets, and none of the parties knew when these improvements would be required by the city, although the parties had discussed the possibility of such installations. As a result, the defendant, in his own hand, wrote the following provision into the printed contract: "If sewers or sidewalks are required by city to be installed in front of property, Seller to pay for cost of same within a period of 2 years (two) from date of contract." Within the two-year period, the city installed sewers in both streets, but the assessments therefor were not levied until 1955 and 1956. When the Ashton Street sewer was being installed, the plaintiffs notified the defendant that they were having a contractor connect their facilities to it while that street was torn up and that on receipt of the bill for that service and the bill for their assessment they would forward the bills to the defendant. After the city sent bills to the plaintiffs for the sewer assessments for Ardmore and Ashton Streets, the plaintiffs requested the defendant to pay the cost of the sewer installations. On the defendant's refusal, the plaintiffs instituted this action. The court rendered judgment for $1056.91 in favor of the plaintiffs, and the defendant has appealed.

The judgment reflected the total assessment levied against the plaintiffs' property for both the Ashton Street sewer and the Ardmore Street sewer, together with interest to the time of trial. The finding

does not indicate the assessment for each of these facilities, although the notices in evidence show that the assessment for Ashton Street was $150 and that for Ardmore Street was $600. The court concluded that the defendant obligated himself to pay the cost of the installation of sewers in front of the plaintiffs' property, if installation was required by the city. This conclusion and the other conclusions of the court are challenged. The finding of facts does not show that the house fronts on Ashton Street. It merely recites that the property is a corner lot on both streets.

The contract specifically recites that the property is known as 76 Ashton Street, and the parties in their briefs treat it as fronting on that street. That being the case, the court should not have included the assessment for the sewer on Ardmore Street in the judgment, because the contract obligation is limited to the costs incurred in front of the property. No evidence was presented by the plaintiffs as to the contractor's charge for connecting the house facilities to the Ashton Street sewer. The Ashton Street assessment on the plaintiffs' property became due on April 30, 1956. The plaintiffs are entitled to judgment for the amount of the Ashton Street assessment, with interest from that date. General Statutes § 7-254.

There is error in part; the judgment is set aside and the case is remanded for the rendition of judgment in accordance with this opinion.

In this opinion the other judges concurred.