TOWN OF BROOKFIELD *v.* BOULDER SPRING WATER
COMPANY ET AL.
(12183)
(12184)
(12185)

HEALEY, PARSKEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued February 15—decision released June 4, 1985

---

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*Daniel T. Eberhard,* for the appellee (plaintiff).

*Ronald M. Sullivan,* for the appellee (defendant Frank C. Bacon).

SANTANIELLO, J. The principal issue presented by this appeal is whether the foreclosure provisions of General Statutes § 12-172[1] grant a state tax lien priority over a previously recorded municipal tax lien. We do not reach this issue, however, because of a procedural deficiency on the part of the state. A review of the record has revealed the following facts. The plaintiff town

---

[1] "[General Statutes] Sec. 12-172. TAX LIENS; PRECEDENCE; ENFORCEMENT. The interest of each person in each item of real estate, which has been legally set in his assessment list, shall be subject to a lien for that part of his taxes laid upon the valuation of such interest, as found in such list when finally completed, as such part may be increased by interest, fees and charges. Such lien, unless otherwise specially provided by law, shall exist from the first day of October or other assessment date of the municipality in the year previous to that in which such tax, or the first instalment thereof, became due until one year after such tax or first instalment thereof became due and, during its existence, shall take precedence of all transfers and encumbrances in any manner affecting such interest in such item, or any part of it. Such lien, during its existence, may be enforced by levy and sale of such real estate if such person has complete title thereto or of his interest in such real estate if he does not have complete title thereto. No sale of real estate for taxes or foreclosure of any lien shall divest the estate sold of any existing lien for other taxes."

of Brookfield brought suit against the defendant Boulder Springs Water Company to foreclose municipal tax liens on three parcels of land.[2] All persons having an interest in the property were named as defendants to the action. Included among these named defendants, in the order of their priority behind the plaintiff, were Frank C. Bacon & Sons, which held a judgment lien on all these properties resulting from a favorable decision in an unrelated civil suit, and the state of Connecticut tax department, whose lien secured unpaid corporate business taxes.

The plaintiff filed a request for disclosure of defenses on July 28, 1982, in accordance with Practice Book § 236. The state did not comply. On September 13, 1982, the trial court, *Maiocco, J.*, rendered a default judgment against the state, and, simultaneously, upon motion of the defendant Bacon, decreed foreclosure by sale.

The Indian Fields Homeowner's Association purchased the property at the foreclosure sale held on November 6, 1982, and the trial court ratified the sale on December 20, 1982. The proceeds of the sale, however, were not sufficient to pay the state's liens for unpaid corporate business taxes in full. Although the state had filed an appearance in the case in December, 1981, shortly after commencement of the suit, the state took no further action until after the foreclosure sale, when on February 23, 1983, it filed a "caveat," advising the court and the parties that the state's tax liens had not been divested by the foreclosure sale, but rather remained as an encumbrance on the property. On April 7, 1983, the trial court, *Moraghan, J.*, rendered a supplemental judgment wherein the state's claim of nondivestiture of its statutory tax liens was rejected,

[2] Originally, the plaintiff filed three complaints, relating to the three parcels of land being foreclosed. The state thereupon filed three appeals in this court. However, since all three involve the same parties and raise identical questions of law, the cases have been argued and decided together.

the sale ratified, and distribution of the sum of $3375.13 ordered to the parties to whom it was found to be due. It is from the order of divestiture that the state appeals. We find no error.

The trial court, in accordance with Practice Book § 236, properly rendered a default judgment against the state after it had failed to respond to the plaintiff's demand for disclosure of defenses. The procedure for opening a default judgment is contained exclusively in General Statutes § 52-212 and Practice Book § 377, which provide that a default may be set aside, where reasonable cause exists, upon written motion of any party within four months of the default judgment. Instead of following this required procedural route, the state filed a document entitled "caveat."

A "caveat" is not recognized as a pleading by either the Practice Book or the established case law. "The forms of pleadings and the rules governing their use are to be found in the Practice Book . . . . Innovations should not be put into practice ex parte by counsel." *Vigue* v. *John Hancock Mutual Life Ins. Co.*, 147 Conn. 305, 306, 160 A.2d 484 (1960). Since the state filed its "caveat" more than four months after the default judgment was rendered, it appears likely that the state did not move to open because it had missed the four month statute of limitations. The state claims it intended the "caveat" to act, not as a pleading, but merely as notice to the parties of the state's continuing interest in the property. Because a default judgment had already been rendered against the state, however, the only method by which the issue of non-divestiture could properly be raised was through a motion to open under General Statutes § 52-212. Since the state failed to file such a motion within four months, the trial court was correct in rejecting the state's claim.

There is no error.

In this opinion the other judges concurred.