[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE #113
A motion to strike "test(s) the legal sufficiency of a pleading." Alarm Applications Company v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion to strike admits all facts well pleaded, but "does not admit legal conclusions or the truth or accuracy of opinions stated in the CT Page 10783 pleadings." (citations omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 191 A.2d 368 (1985). It can be used to contest the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense . . ." Practice Book 152(5). The plaintiff has accompanied his motion to strike with a memorandum of law pursuant to Practice Book 155.
The plaintiff argues that the allegations contained in defendant's special defense are inconsistent with the allegation of plaintiff's complaint and does not meet the requirements of Practice Book 164, which states: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue." The plaintiff also argued that the defendant has failed to allege sufficient facts to show that plaintiff has no cause of actions and that the defendant's CUTPA claim is not proper as a special defense and should have been brought as a counterclaim instead.
The defendant argues that his first special defense deals with the issue of proper parties and/or their representative capacity and is not a special defense of vexatious litigation as plaintiff had categorized it. Defendant argues that he is preserving his right to show that he is not a proper party; to this action. The defendant further argues that his second special defense of full payment must be specially plead according to Practice Book 164. Lastly, the defendant argues that his third and fourth special defenses deal with the issue of illegality not apparent on the face of the pleadings, the former under the common law and the latter under CUTPA.
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show notwithstanding that the plaintiff has no cause of action." Commissioner of Environmental Protections v. National Can Corporation, 1 CTLR 272 (1990), citing Practice Book 164; Pawliaski v. Allstate Insurance Co., 166 Conn. 126, 127 A.2d 583
(1973).
According to Practice Book 165, "[w]here several special defenses are pleaded, each must refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense, as, First Defense, Second Defense, etc." Each defense should be capable of standing on its own merits. Vigue v. John Hancock Mutual Life Insurance Co., 147 Conn. 305,350 A.2d 484 (1960). CT Page 10784
The defendant, according to his memorandum of law, has stated that he has plead four separate special defenses. The defendant has failed to designate each as a separate special defense as required by Practice Book 165 and the motion to strike could be granted on this ground alone. However, each special defense that the defendant has sought to plead will be addressed.
The defendant's first two special defenses contain contradictory facts. In his first special defense the defendant alleges that no legal services were rendered to him. In his second special defense the defendant has alleged that he has paid the full price for all legal services that he may have received during the time in question. The first two special defenses do not state sufficient facts to show that the plaintiff has no cause of action. Rather they allege legal conclusions. The plaintiff's motion to strike the defendant's first two special defenses is granted.
The defendant's third special defense has sought to plead the illegality of plaintiff's complaint not apparent on the face of the pleadings. The defendant has failed to state sufficient facts to show illegality. In his fourth special defense the defendant alleges that the sum claimed by plaintiff is immoral, oppressive, unscrupulous, unethical and unconscionable and is a deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes 42-110b(a) (CUTPA) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts for practices in the conduct of any trade or commerce." General Statutes 42-110g(a) provides in part that "[a]ny person who suffers any ascertainable loss of money for property as a result of the use of employment of a method, act or practice prohibited by 42-110b, may bring an action . . . to recover actual damages." A CUTPA claim is an actionable right and therefore is more appropriately brought as a counterclaim and not as a special defense.
The defendant has failed to sufficiently allege his special defenses and that the plaintiff's motion to strike defendant's special defenses is granted.
SYLVESTER, JUDGE. CT Page 10785