******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

710 LONG RIDGE OPERATING COMPANY II, LLC *v.*
RANDOLPH STEBBINS
(AC 35937)

Bear, Sheldon and Lavery, Js.*

*Argued April 23—officially released October 7, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. Kevin Tierney, judge trial
referee.)

*Anne Jasorkowski*, with whom, on the brief, was

*Angelo Maragos*, for the appellant (plaintiff).

*Edward Kanowitz*, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, 710 Long Ridge Operating Company II, LLC, appeals from the judgment of the trial court dismissing its action against the defendant, Randolph Stebbins. On appeal, the plaintiff claims that the court did not have authority to dismiss the action after judgment had been rendered in the action. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Because in this appeal we review the trial court's ruling on a motion to dismiss, we take the facts to be those alleged in the complaint, construing them in a manner most favorable to the plaintiff. See *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 132, 918 A.2d 880 (2007); see also *Sullins* v. *Rodriguez*, 281 Conn. 128, 131–32, 913 A.2d 415 (2007). On December 26, 2012, the plaintiff filed an amended complaint against the defendant, docket number FST-CV12-6016072-S, alleging breach of contract (first action). In its complaint, the plaintiff, a licensed operator of a chronic care and convalescent facility, alleged that the defendant failed to satisfy the terms of an admissions agreement pertaining to his stepfather, Robert Scanlon. The plaintiff served the defendant with the summons and complaint; however, the plaintiff was late in returning service to the court, exceeding the two month time limit imposed by General Statutes § 52-48 (b). The defendant's counsel "declined to reply to [the plaintiff's counsel] after numerous weeks," and, accordingly, the plaintiff was unable to obtain the defendant's waiver of the defective service and to proceed with the first action.

Accordingly, on February 20, 2013, the plaintiff commenced the present second action against the defendant, docket number FST-CV13-6017386-S, by serving him with a new summons and complaint (second action). It is undisputed that the first action and the second action contained identical allegations. On March 19, 2013, the plaintiff filed, in the second action, a motion for default for failure to appear in accordance with Practice Book § 17-25.[1] On March 26, 2013, the court, *Mintz, J.*, rendered judgment against the defendant. The court ordered the defendant to pay damages, interest, attorney's fees, costs, and postjudgment interest to the plaintiff.

On May 20, 2013, the defendant filed "a motion to dismiss the plaintiff's judgment" pursuant to Practice Book (2013) § 10-30.[2] The defendant did not file a motion to open or set aside the judgment, as provided for by our rules of practice.[3] On May 23, 2013, after receipt of the defendant's motion to dismiss and before any hearing or ruling by the court on that motion, the plaintiff withdrew the first action.[4]

On July 22, 2013, a hearing was held on the motion

to dismiss. On that date, neither the first nor the second action was "pending." See footnote 7 of this opinion. The court compared the pleadings of the first action with those of the second action. The court took judicial notice of the contents of the prior pending file.[5] The court noted that "as of May 17, 2012 and May 20, 2013 . . . the two actions were pending at the same time." The court then determined that the allegations in the first complaint were "identical" to the allegations in the second complaint. The court concluded that, accordingly, it "had the power to dismiss [the second action] on May 17, 2013, because there were two lawsuits that were pending at the identical time." The defendant did not file a motion to open or set aside the judgment in the second action, nor did he file any affidavits setting forth good cause to open or set aside that judgment.[6] During the hearing, the court acknowledged that it may have been procedurally incorrect for the defendant to file a motion to dismiss rather than a motion to open the judgment. The court asked whether the plaintiff would consent to opening the judgment if the defendant filed a motion to open; the plaintiff's counsel declined to do so. The court, *Hon. Kevin Tierney*, judge trial referee, did not open or set aside the default judgment before granting the defendant's motion to dismiss the second action based on the prior pending action doctrine. This appeal followed.

On appeal, the plaintiff claims that the court did not have authority to dismiss the second action after judgment had been rendered in that action. We agree.

As a preliminary matter, we set forth the standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, supra, 282 Conn. 134.

The defendant argues that the pendency of the first action deprived the court of subject matter jurisdiction. The defendant further claims that his filing of a motion to dismiss was proper because, as articulated by the court, subject matter jurisdiction issues arising from a prior pending action "can be raised at any time regardless of the rules relating to the practice book." We disagree. Even if the prior pending action doctrine were applicable to this case, it would not implicate the subject matter jurisdiction of the court.[7] "[W]e observe that 'although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction.'

*Gaudio* v. *Gaudio*, [23 Conn. App. 287, 294, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990)]; see also *Halpern* v. *Board of Education*, [196 Conn. 647, 652 n.4, 495 A.2d 264 (1985)]; *In re Jessica M.*, [71 Conn. App. 417, 426–27, 802 A.2d 197 (2002)] (declining to review claim raising prior pending action doctrine for first time on appeal, because subject matter jurisdiction not implicated)." *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 403, 973 A.2d 1229 (2009).

"While courts have an inherent power to open, correct and modify judgments . . . the duration of this power is restricted by statute and rule of practice. In order for a trial court to open a civil judgment, a motion to open or set aside must be filed within four months of the date that judgment is rendered." (Citation omitted.) *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). No such motion was filed by the defendant within four months of the March 26, 2013, judgment, pursuant to General Statutes § 52-212[8] and Practice Book § 17-4, which provide the procedure for opening a default judgment. See *Brookfield* v. *Boulder Spring Water Co.*, 196 Conn. 355, 358, 493 A.2d 862 (1985) (relying on General Statutes § 52-212 and Practice Book § 377 [now § 17-43]). "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." Practice Book § 17-4 (a).

The statutory limitation imposed on motions to open judgments does not implicate the court's jurisdiction. Rather, our Supreme Court has explained that General Statutes "§ 52–212a[9] operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999). Moreover, where a trial court has opened and modified its judgment in the absence of a motion to open, this court has reversed the court's ruling on the ground that the trial court lacked authority to open the judgment. See *Sanzo* v. *Sanzo*, 137 Conn. App. 216, 217–18, 48 A.3d 689 (2012). In *Sanzo*, this court concluded that "because none of the parties filed a motion to open, the [trial] court lacked the authority to modify substantively the judgment rendered at the hearing . . . ." Id., 222. This principle dates back to the jurisprudence of our Supreme Court of Errors, which recognized that a defendant's motion to erase or strike a plaintiff's motion for default judgment was not a plea to the jurisdiction; rather, a defendant's remedy is to move to open the default and set the judgment aside. See *Paiwich* v. *Krieswalis*, 97 Conn. 123, 127–28, 115 A. 720 (1921).

In the present case, the trial court lacked authority to open the judgment because the defendant never filed a motion to open pursuant to § 52-212. The default judgment was rendered on March 26, 2013, and the defendant filed his motion to dismiss on May 20, 2013. Although the defendant filed his motion to dismiss within the four month time limit imposed by § 52-212, the motion to dismiss did not satisfy the requirements of § 52-212 (a), specifically as to "reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." Also, the motion to dismiss was not verified by the oath of the defendant or his attorney, and did not particularly set forth the reason why the defendant failed to appear. Therefore, the court's dismissal of the plaintiff's action against the defendant was improper.

The judgment is reversed and the case is remanded with direction to reinstate the judgment for the plaintiff.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The docket sheet for the second action indicates that the plaintiff filed a motion for default for failure to appear pursuant to Practice Book § 17-23 et seq. The docket entry appears to be in error.

[2] Practice Book (2013) § 10-30 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

[3] Practice Book § 17-4 (a) provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

[4] The trial court, *Hon. Kevin Tierney*, judge trial referee, noted a discrepancy as to the exact date of withdrawal on the state Judicial Branch website. The website has two electronic entries regarding the plaintiff's motion to withdraw. One entry is dated May 23, 2013, and includes hyperlinked content. The second entry is dated May 28, 2013, and is not hyperlinked. This discrepancy was discussed during the hearing on the defendant's motion to dismiss. Both parties have agreed that for the limited issue presented on appeal, whether the actual date of withdrawal was May 23, 2013, or May 28, 2013, is immaterial.

[5] In *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 393 n.8, 973 A.2d 1229 (2009), our Supreme Court stated that "the trial court properly could have taken judicial notice of the contents of the prior pending file."

[6] At oral argument before this court, the defendant stated that he opted not to file a motion to open the judgment because the "plaintiff's counsel advised the [trial] court that if a motion to open were or had been filed, that they would defend that and argue against it vigorously." The defendant claims that the plaintiff should have "withdraw[n] the action it did not intend to prosecute before or concurrent with commencing an identical action, to avoid the mistake and surprise which here befell the defendant." The defendant further asserts that he was not procedurally required to open the judgment before filing a motion to dismiss on the basis of the prior pending action doctrine.

[7] On appeal, the plaintiff also claims that the court improperly granted the defendant's motion to dismiss on the basis of the prior pending action doctrine. Specifically, the plaintiff asserts that, as of July 22, 2013, the date

of the hearing on the motion, the first action had been withdrawn, and furthermore, the second action was not pending because a default judgment had been rendered. We agree. "The prior pending action doctrine permits the court to dismiss a second case that raises issues *currently pending* before the court." (Emphasis added.) *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 465 (1998). On March 26, 2013, before the defendant filed his motion to dismiss, the court rendered a default judgment in favor of the plaintiff with respect to the second action. In *Salem Park, Inc.* v. *Salem*, 149 Conn. 141, 176 A.2d 571 (1961), our Supreme Court overruled a plea in abatement made on the ground that a prior action involved the same land and the same issues on the basis that the judgment in the prior action had been rendered and had not been set aside. *Salem Park, Inc.*, espouses the principle that if a judgment in a prior action has been rendered and has not been set aside on appeal, there is no action "pending" within the meaning of the prior pending action doctrine. Id., 144–45. Once a case has been withdrawn, as here, there is no action pending to implicate the prior pending action doctrine. See, e.g., *Fayerweather* v. *Monson*, 61 Conn. 431, 436–37, 23 A. 878 (1892) (when creditors withdrew their petition from court of probate, petition no longer pending, and court could not subsequently revive petition). Because the court did not have authority to grant the defendant's motion to dismiss, however, there is no need to address this claim further.

[8] General Statutes § 52-212 provides: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. (b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. (c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

[9] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."