ANDREW J. CRIGHTON *vs.* MARY M. JACOBS, ADMINIS-
TRATRIX.

First Judicial District, Hartford, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

A finding should contain the facts as found, but not mere evidence or
recitals of testimony.

Facts stated in the memorandum of decision, unless made part of the
finding, cannot be treated as facts found, nor can the memorandum
be used as supplementing the finding. But if the memorandum
be made part of the finding, then the facts therein stated are to be
considered in connection with those in the finding.

If any of the facts stated in a memorandum of decision which is made
part of the finding, are in conflict with the facts stated in the find-
ing proper, this court will consider the latter as those found by the
trial court and ignore the former. To hold otherwise would raise
unseemly and unnecessary questions, since the remedy now pro-
vided by law for a correction of the finding is adequate to meet
the contingency referred to above.

The practice of making a memorandum of decision which discusses or
states facts, a part of the finding, is not to be commended.

A finding made on conflicting evidence will not be disturbed by this
court on appeal.

The question whether a matter of evidence already inquired about by
the parties, shall be gone into again on rebuttal, is one resting in
the discretion of the trial court, whose ruling, unless unreasonable
and prejudicial to the losing party, will be upheld.

Argued January 3d—decided January 29th, 1924.

ACTION by the payee of a negotiable promissory note
for $2,500 against the alleged maker, Milan E. Jacobs,
defendant's intestate, brought to and tried by the Su-
perior Court in Hartford County, *Marvin, J.;* facts
found and judgment rendered for the defendant, and
appeal by the plaintiff. *No error.*

*Edward J. Daly,* with whom was *James J. O'Connor,*
for the appellant (plaintiff).

*Francis W. Cole* and *William H. Leete,* for the appellee (defendant).

WHEELER, C. J. The note sued upon is in form a negotiable promissory note, purporting to be signed by Milan E. Jacobs, the defendant's intestate. The signature appears upon the extreme left-hand half of the instrument and beneath its terms; in other respects the note is in due form.

The assignment of errors relates to corrections of the finding and to rulings upon evidence. The defendant denied that her decedent promised to pay the plaintiff the $2,500, as set forth in the copy of the instrument, made a part of paragraph one of the complaint, and she specially denied that her decedent, Jacobs, the alleged maker of the instrument, ever signed, executed or delivered it.

The trial court found, in paragraph twenty-six of the finding, that "Milan E. Jacobs did not borrow said sum of $2,500 from the plaintiff, and did not sign said alleged promissory note," and the plaintiff asks to have this finding stricken out and a substitute finding made stating the exact reverse of the facts therein found. The allegations of paragraphs nineteen to twenty-three are recitals of what a witness testified to and have no proper place in a finding, which is a recital of the facts as found and not of the evidence, or mere evidential facts. In support of his claim for a correction of paragraph twenty-six, the plaintiff calls our attention to the memorandum of decision, in which the trial court says: "The note sued upon seems to the court to bear the genuine signature of the decedent,"—as showing the earlier conclusion of the court from conflicting evidence offered by the parties. This claim involves the holding that this finding in the memorandum of decision should be taken as the fact in preference to the finding made

for the purposes of the appeal. The memorandum of decision is made a part of the record, so that we have a statement in the memorandum of decision, made part of the record, in conflict with paragraph twenty-six of the finding. Where the memorandum of decision is not made a part of the finding, the facts it states cannot be regarded in connection with the finding made for the purposes of appeal. "But while a mere memorandum of decision may, under certain limitations and to aid an appeal, be resorted to as indicating a conclusion of law controlling the decision, . . . it cannot, unless made a part of the record, be treated as a finding of facts." *Rogers* v. *Hendrick*, 85 Conn. 260, 267, 82 Atl. 586; *Cummings* v. *Hartford*, 70 Conn. 115, 123, 38 Atl. 916; *Styles* v. *Tyler*, 64 Conn. 432, 439, 30 Atl. 165. Neither can it be used as supplementing the finding. *Brown* v. *Cray*, 88 Conn. 141, 144, 89 Atl. 1123; *Shannon* v. *Mereness*, 89 Conn. 284, 285, 93 Atl. 529; *Gaucso* v. *Levy*, 89 Conn. 169, 171, 93 Atl. 136; *Cary* v. *Phœnix Ins. Co.*, 83 Conn. 690, 697, 78 Atl. 426. Nor on motion to correct a finding can the facts stated in a memorandum of decision be used unless it be made a part of the finding. *Turner* v. *Connecticut Co.*, 91 Conn. 692, 696, 101 Atl. 88. Where the memorandum of decision is made a part of the finding, the facts stated therein are to be regarded in connection with those of the finding. *Perrotti* v. *Bennett*, 94 Conn. 533, 537, 109 Atl. 890. If any of the facts stated in the memorandum of decision be in conflict with the facts stated in the finding on appeal, we shall consider the facts as stated in the finding as the finding of the trial court, without reference to the facts as stated in the memorandum of decision which are in conflict with these facts. To hold otherwise would raise unnecessary and unseemly questions upon the appeal. The remedy provided through a correction of the finding will furnish

an adequate remedy for the exclusion from the finding of improperly found facts or for the addition to it of facts which ought to have been found. The practice of making a memorandum of decision a part of the finding when it discusses or finds facts is not one to be commended. It is liable to lead to conflicts as to findings of fact in the memorandum and in the finding. Such conflicts add unnecessarily to the questions on appeal and serve no useful purpose. Whether or not paragraph twenty-six of the finding should be stricken out and a substitute filed therefor, is to be determined by a consideration of the evidence in the case, and nothing else.

The plaintiff's case upon this point rested upon his own testimony and expert testimony as to the genuineness of this handwriting and other inferences. The defendant's case upon this point rested upon expert testimony and circumstances and inferences tending to show that Jacobs never borrowed the $2,500 for which the plaintiff testified the note was given. "Here then," as the plaintiff's counsel say in their brief, "we have testimony offered by both sides, each tending to contradict the other." Under circumstances showing a reasonable conflict in the testimony, we are without authority to correct the finding that the decedent Jacobs did not sign this instrument. *Hine* v. *McNerney,* 97 Conn. 308, 311, 116 Atl. 610; *Bell* v. *Strong,* 96 Conn. 12, 13, 112 Atl. 645; *DeFeo* v. *Hindinger,* 98 Conn. 578, 580, 120 Atl. 314. The balance of paragraph twenty-six, that Jacobs did not borrow the $2,500 from the plaintiff as stated in paragraph twenty-six, was also found on conflicting evidence and cannot be corrected by us.

The plaintiff at the inception of his case laid in the note and testified that the consideration was $2,500. Thereupon the plaintiff on cross-examination testified

as to the purpose for which Jacobs borrowed the money, and as to his having procured the $2,500 in cash from his safe-deposit box on June 2d, 1921, the date of the note. The defendant claimed to have proved upon the cross-examination of the plaintiff that the keeping of the $2,500 in his safe-deposit box and the procuring of it from this box, as he testified, was wholly improbable, and the defendant offered testimony tending to prove that the plaintiff did not go to his safe-deposit box on June 2d, 1921, and could not have procured this sum for this purpose, as he had testified, and that on the morning of the first day of the trial the plaintiff went to the bank and asked the custodian of the safe-deposit box not to disclose any information concerning his visits to his safe-deposit box. It further appeared that the alleged loan had been made by the plaintiff without taking security, to a patient of less than six months, who had no property other than his home.

Under the circumstances the court was justified in drawing the inference it did, that this loan had never been made. Our disposition of these two corrections makes it unnecessary to review the other claimed corrections, and further, these corrections, if made, would be unavailing in changing the result.

The plaintiff, while a witness in his own behalf, testified in cross-examination as to a conversation he had had with the employee of the bank in charge of their safe-deposit vault, on the day of the trial, relative to whether their records of the visits of their patrons to their boxes were confidential matters. The defendant introduced the employee in charge of these vaults and he testified, as to this conversation, that the plaintiff had requested him not to disclose any information. On plaintiff's rebuttal the plaintiff was inquired of as to this conversation with this employee. The court sustained the objection of defendant, that the matter

had been already gone into by the plaintiff and plaintiff excepted to the ruling.

Neither the plaintiff nor the plaintiff's counsel had been restricted in the production of testimony relative to this matter. Nor did plaintiff's counsel attempt to directly contradict the specific testimony of this employee. Whether the court should permit the conversation to be again gone into on plaintiff's rebuttal was a matter within its discretion, and the record shows that the court did not exercise its discretion unwisely. Further, nothing appears of record to indicate that the plaintiff was harmed by this ruling.

There is no error.

In this opinion the other judges concurred.