On the plaintiff's farm were a number of buildings containing a quantity of personal property. Because of the negligence of the defendant the New York Central and Hudson River Railroad Company they were burned. One of these buildings, a horse barn, was insured by the defendant the Hartford Insurance Company for the sum of $2,000. After the fire it paid this amount to the plaintiffs. This action was then begun to recover of the railroad company the damages caused by its act. The complaint alleged the negligent destruction of the buildings and their contents and the resulting loss amounting to $35,000. It also alleged the facts about the insurance on the barn, its payment, and that the plaintiffs had assigned to the insurer their right and claim against the railroad to the extent of $2,000 "for the damage, destruction and loss of said building by fire" and that the insurer was subrogated to the rights and interests of the plaintiffs to the amount so paid by it. Undoubtedly this was a general subrogation and entitled the company to any amount recovered for the loss of the barn not exceeding $2,000. It is equally undoubted that it transferred to the insurer no interest in whatever might be recovered because of the loss of the uninsured buildings or of the personal property. As the company refused to join the action as plaintiff, it was made a defendant. In its answer this defendant admitted the allegations of the complaint, but alleged as a defense that it became *Page 243 
subrogated "to the rights of the plaintiffs in this action to the extent of $2,000 of any recovery that may be had herein." If this is more than an erroneous conclusion of law, based on the facts pleaded, at least no attempt was made to prove the truth of the allegation.
The action then proceeded to trial. Substantially the entire record is devoted to testimony bearing upon the alleged negligence of the railroad company and the extent of the damage. Each building as well as the personal property was described. The value of the latter was given. As to the buildings, however, the rule of damage adopted and expressly left to the jury was the difference between the value of the farm before and after the fire. There was no question submitted as to the loss on the horse barn as a separate item. There was no request that such a question be submitted. There was no finding whatever on the subject. All the jury did was to bring in a general verdict to the effect that subtracting whatever they may have allowed for the personal property the farm was worth $2,500 less after the fire than it was before.
Nor was there anything that occurred during the trial that amounted to a waiver by the plaintiffs of the allegations of their complaint as to the nature and effect of the subrogation agreement or any promise express or implied that the insurer should receive the first $2,000 of any general recovery that might be had. At one time, evidently fearing that the jury might be misled by a reference which had just been made to the insurance situation, it said the payment of $2,000 was not to be considered by them "because it would have to be refunded to the insurance company under the subrogation agreement." Fairly construed this was but a repetition of the complaint — any allowance made for the loss of the barn must be refunded up to $2,000. It was so understood by the trial judge. He told the jury that the insurance company would be subrogated to the rights of the plaintiffs if the railroad "has to pay $2,000 upon the *Page 244 
barn, that is if an award is made here in favor of the plaintiffs."
Because of the conflicting claims of the plaintiffs and the insurance company there was delay in entering judgment. Finally a motion was made by the latter. Alleging in its affidavits the insurance contract, the loss of the barn and payment, for the first time we are given the language of the subrogation agreement. It is to the effect that the plaintiffs assigned and transferred to the insurer their claims to the extent of $2,000 against any party liable or adjudged liable "for the burning and destruction of said property" (referring to the barn) and subrogated it to their right in the premises. Upon this affidavit the trial judge directed judgment against the railroad company and that this judgment provide that $2,000 thereof and interest be paid to the insurance company and the balance to the plaintiffs. From this order and the judgment entered thereon, unanimously affirmed by the Appellate Division, the plaintiffs have appealed by permission to this court. They seek a reversal, however, only so far as their rights as against the insurance company are affected. Their claim is that as a matter of law, under the facts presented to him, the trial judge had no power to make such an order.
We agree with the appellants. We see no theory upon which the action of the trial judge may be sustained. The insurance company seeks affirmative relief. It is entitled thereto only to the amount, not exceeding $2,000, which has been allowed to the plaintiffs for the loss of the horse barn. Upon it is the burden of showing the facts upon which its relief depends. The horse barn was destroyed. So were a number of uninsured buildings and a quantity of personal property. The verdict, as has been said, was a general one covering all losses. Who can say what the jury allowed for any particular item? Was it a few hundred dollars for the barn and $2,000 for the other property, or was the reverse the truth? Can the *Page 245 
insurance company point out what proportion of the general verdict has been assigned to it? It is said that the unanimous affirmance establishes that the total loss suffered by the plaintiffs was $2,500. If so they have collected of the insurance company $2,000 and should repay it. As between the plaintiffs and the railroad company the affirmance does fix the amount of damages. Not as between the plaintiffs and the insurance company (Pentz v. Receivers of Ætna F. Ins. Co., 9 Paige, 568), especially where as here it admits in its answer that the total loss was $35,000. And even were it so, were the damages allowed too much or too little, the insurance company is only interested in that portion allowed for a specific item. Not only is there no direct hint as to what this may be. It is impossible to draw the slightest inference. The rule of damages for injury to real estate caused by negligence enforced in this case is not the same as in an action to recover under an insurance contract for the destruction of a building by fire. The premises as a whole might be slightly depreciated in value by the loss of this particular barn. The jury might have so found. If they did, the insurance company has been allowed losses recovered for the destruction of uninsured property, to which it had no title by assignment, no right under any theory of subrogation.
The judgments appealed from must be reversed, with costs to the appellants in this court and in the Appellate Division against the respondent Hartford Fire Insurance Company. Judgment must be directed against the New York Central and Hudson River Railroad Company in favor of the plaintiffs for the sum of $3,127.31, with interest thereon from November 25, 1922.
HISCOCK, Ch. J., CARDOZO and LEHMAN, JJ., concur; POUND, McLAUGHLIN and CRANE, JJ., dissent.
Judgment accordingly. *Page 246