## BARLOW BROTHERS *vs.* THOMAS F. LUNNY.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A finding made upon conflicting evidence will not be disturbed upon appeal; nor will immaterial corrections be granted.

The refusal of the trial court to incorporate its memorandum of decision in its finding of facts furnishes no ground of appeal to this court.

The practice of making a memorandum of decision which discusses or states facts, a part of the finding, is not to be commended.

Where the memorandum of decision conflicts with the finding, the latter prevails.

A written proposal by one party to alter the terms of an oral agreement will not have that effect unless it is assented to by the other party.

A building contractor cannot recover the reasonable value of defective work, even though his default is not wilful, unless he has substantially performed his obligations under the contract.

Damage by rain to the interior of a building may properly be said to have been within the contemplation of the parties to a contract for the repair of its roof and to be a proximate result of a breach of the contractor's obligation; therefore such damage, together with the expense incurred in repairing the defective work, is recoverable in an action by the owner of the building.

Under our practice, the demand for relief in a counterclaim may be stated in various ways; where, as in the present case, the claim is based upon breach of contract, the simple statement, "defendant claims so many dollars damages", is sufficient.

An objection to the form of a counterclaim cannot be pursued upon appeal, unless the point was raised in the trial court.

Argued January 30th—decided March 6th, 1925.

ACTION to recover the price agreed to be paid by the defendant for repairs to the roof of his building, brought to the City Court of Waterbury and transferred, upon defendant's motion, to the District Court of Waterbury and tried by that court, *Peasley, J.;* facts found and judgment rendered for the defendant

for $372 upon his counterclaim for damages alleged to have been caused by the negligence of the plaintiff in making said repairs, from which the plaintiff appealed. *No error.*

*William T. Keavney, Jr.,* for the appellant (plaintiff).

*Frank P. McEvoy,* for the appellee (defendant).

MALTBIE, J. This is an action brought by the plaintiff corporation to recover an agreed compensation for work done and materials furnished in the repair of the roof of a building owned by the defendant. The defendant counterclaims for damage which he alleges he suffered by reason of the defective manner in which the repairs were made. The plaintiff seeks to have numerous corrections made in the finding, but as to most of the proposed changes the evidence or the inferences which might be drawn from it patently support the finding or were at least conflicting; the others would be immaterial, and only two require discussion. The court finds that the agreement between the parties was made about November 1st, 1920, and the plaintiff seeks to have the finding corrected so that the contract relationship would be based upon a letter which admittedly was sent by the plaintiff to the defendant under date of October 29th, and which is in form at least a proposal to do the work for a certain sum. Nothing appears in the evidence as to the circumstances under which this letter was written, and while the testimony as to the actual making of the oral agreement found by the court is somewhat sketchy, still there is no sufficient ground in the evidence to overturn the court's conclusion that the oral contract fixed the rights of the parties. If that is so,

whatever might have been the plaintiff's intent in sending the letter, it could not, unless assented to by the defendant, alter those rights. *C. and C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 94, 33 Atl. 604. The plaintiff also assigns as error the refusal of the trial judge to make his memorandum of decision a part of the finding and in effect asks us to do so. We are without power to make such an order. We very recently stated the function which such a memorandum serves upon an appeal and said that the practice of making it a part of the finding when it discusses or finds facts is not one to be commended. *Crighton* v. *Jacobs,* 100 Conn. 281, 283, 123 Atl. 437. The difficulties growing out of such a practice there suggested would be illustrated here, if the appellant's motion were granted. The finding should itself state all the facts relevant to the appeal, and in case of conflict with the memorandum of decision must be regarded as controlling.

The roof of the building in question was originally constructed by the use of pitch over which had been spread slag, and the repairs were made by applying more pitch. If pitch of a proper quality had been used and the work properly done, this method would have been effective. The repairs were made about November 1st, 1920. When the roof was subjected to summer heat, the pitch which had been poured over the roof ran down in considerable quantity to the entrance of a drainage pipe and clogged it, with the result that rain water accumulated, overflowed the flashings and penetrated into the interior of the building to its substantial injury. The finding states that the reason the pitch ran was that it was not applied upon a dry roof surface, as it should have been, and that a much larger amount than should have been applied was used, and the trial court concludes that

Barlow Brothers *v.* Lunny.

therefore the plaintiff should recover nothing but should compensate the defendant for the injury to his building by the overflow of the water. The repairs having been defectively made, the right of the plaintiff to recover, its default not being wilful, could only be based upon a finding that it had substantially performed its obligation. *Pinches* v. *Swedish Evangelical Lutheran Church,* 55 Conn. 183, 187, 10 Atl. 264; *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 99 Atl. 853; *Fagerholm* v. *Nielson,* 93 Conn. 380, 106 Atl. 333. The first of the amended reasons of appeal is addressed to the conclusion of the trial court that the plaintiff is not entitled to recover, harks back to a statement in the memorandum of decision, not repeated in the finding, to the effect that the work done by the plaintiff was of no value to the defendant, and seeks to marshal certain facts to show that it was "of value" to him. Granting this, the plaintiff still would not have met the test of substantial performance, and this court can hardly make such a finding or utilize the memorandum of decision for such a purpose. *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 421, 50 Atl. 1028.

The defendant was entitled to recover damages for the injury to the interior of the building by reason of the plaintiff's defective performance of its obligation. "Of course, injury to a building from rain would be within the contemplation of the parties, and the proximate result of defective work under a contract the very object of which was to prevent that very injury." *Gibson, Lee & Co.* v. *Carlin,* 81 Tenn. 440, 449; *Stevens* v. *Yale,* 101 Conn. 683, 127 Atl. 283. The other damages allowed, consisting of expenses incurred by the defendant in remedying the defect of which he complains, are unquestionably proper. There is no basis in the finding for a conclusion that this damage was

due to any extraordinary combination of summer heat and successive rainstorms, as the plaintiff claims, or that, injury having followed upon one storm, the defendant failed to take proper steps to minimize his loss; indeed, neither at the trial, nor in its request for a finding, did the plaintiff fairly apprize the trial court of its desire to raise these questions. Had it appeared that there were two rainstorms some days apart, both of which caused an overflow and serious damage, still the results claimed might not have followed, for the defendant might reasonably have believed that conditions would become static after the first.

The counterclaim concludes: "Defendant claims $800 damages." If this claim were defective in form, the plaintiff, not having raised the point below, would not now be heard to complain. It will be found, however, that our practice permits the claim for relief in a counterclaim to be stated in various ways; Practice Book, pp. 478, 493, 501, 502; and if in certain cases more might be required, that here used was sufficient for this case.

There is no error.

In this opinion the other judges concurred.