ROMAN ZITKOV *vs.* PETER GORSKY.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The practice of incorporating the memorandum of decision in the finding is not to be commended.

If there is a discrepancy between the facts contained in the memorandum of decision and those in the finding, the latter prevail.

Where it was agreed that a contract for the purchase of real estate
by the plaintiff should be placed in the name of the defendant,
and thereafter the defendant violated the resulting trust so
established, by exceeding the terms of the agreement and him-
self taking title to the property, the plaintiff was entitled either
to demand a conveyance of the premises, or to assert a personal
claim for damages against the defendant, which latter remedy he
attempted to pursue in the present action, but unsuccessfully,
because the complaint failed to set forth the facts essential to
his cause of action and was, therefore, insufficient to support a
judgment.

Argued May 6th—decided June 11th, 1927.

ACTION to recover money had and received, brought
to the Court of Common Pleas for Hartford County
and tried to the court, *Molloy, J.;* judgment for the
plaintiff for $320, and appeal by the defendant. *Error
and cause remanded.*

*Jacob Schwolsky,* with whom, on the brief, were
*Harry Schwolsky* and *Ernst M. Biron,* for the appel-
lant (defendant).

*William H. Fogerty,* for the appellee (plaintiff).

MALTBIE, J.   This is an action to recover two sums
of money which the complaint states that the plaintiff
paid, laid out and expended for the defendant, $373.50
alleged to have been paid for the purchase of a certain
lot of land, and $26 alleged to have been paid as a
deposit in the transaction, and also to recover $63
which the complaint states to be the value of work
performed by the plaintiff in grading about the de-
fendant's house.   Judgment was given for the plaintiff
to recover these items in substantially the amounts
claimed, less a deduction on account of a sum found
due the defendant upon a counterclaim filed by him.

The finding leaves much to be desired in the way
of clarity and completeness and the situation is made

more confusing by the trial court's disregard of our oft repeated suggestion that the memorandum of decision should not be made a part of the finding. The inadvisability of incorporating such a memorandum in the finding is made apparent here by a discrepancy between the two as regards at least one important fact. We must follow our established practice in such a situation of adopting the facts expressly stated in the finding as those upon which the appeal is to be determined. *Crighton* v. *Jacobs,* 100 Conn. 281, 283, 123 Atl. 437; *Barlow Brothers* v. *Lunny,* 102 Conn. 152, 154, 128 Atl. 115.

The finding states the following facts: The plaintiff wishing to acquire a certain lot of land, was negotiating with one Gwatz, who held a contract for its purchase from the owner and in the course of the negotiations paid him $25 through the defendant. The contract provided for the payment of the purchase price in instalments. The plaintiff and the defendant met Gwatz at the office of a realty company which was acting for the owners of the lot and there the plaintiff gave to the representative of the company a check for $373.50, the amount of the payments Gwatz had made under the contract. It was then agreed that the contract for purchase should be put in the name of the defendant and this was done. Thereafter the plaintiff spent $63 toward grading the lot. The defendant subsequently tendered the owners of the lot the balance due them under the contract and demanded and received a deed of it in his name. The plaintiff never demanded that the defendant convey the land to him or pay him the money he had spent nor did he offer to pay to the defendant the money the latter had spent for the purchase of the lot. The defendant retained possession of the premises.

The placing of the contract in the name of the de-

fendant gave rise to a resulting trust in favor of the plaintiff. *Barrows* v. *Bohan,* 41 Conn. 278, 284; *Ward* v. *Ward,* 59 Conn. 188, 22 Atl. 149; *Wilson* v. *Warner,* 89 Conn. 243, 246, 93 Atl. 533; *Fox* v. *Shanley,* 94 Conn. 350, 109 Atl. 249. If there was no agreement between the parties other than that the defendant would take over the contract in his own name, which upon the finding we must take to be so, it was a breach of the trust for him to proceed to take title to the lot. Upon this breach the plaintiff had the right either to affirm his action in so doing and demand of the defendant a conveyance of the property, himself meeting or offering to meet such requirements as would arise in equity from the payment made by the defendant, or the plaintiff might assert a personal claim against the defendant on account of the breach of trust. *Yale Gas Stove Co.* v. *Wilcox,* 64 Conn. 101, 127, 29 Atl. 303; 2 Perry on Trusts (6th Ed.) § 843. The only claim the plaintiff would have to recover damages from the defendant upon the facts found would be upon the basis of the second alternative, and those facts indicate that he might have such a cause of action. To sustain a recovery, however, it would be necessary for him not only to prove, but also to allege, the facts necessary to constitute that cause of action, that is, the facts out of which the trust in his favor would arise, the breach of trust by the defendant, and the damages he has suffered. Such a cause of action certainly is not one for the recovery of the sums claimed in the complaint as money paid, laid out and expended for the defendant, nor would that complaint support the judgment proper in such a situation.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.