FEDERAL INSURANCE COMPANY, respondent,

*v.*

MARGARET E. ENGELHORN, appellant.

[Submitted October 31st, 1947. Decided January 29th, 1948.]

350

On appeal from a decree of the Court of Chancery, in which court the following opinion was filed:

"The complainant insured the defendant in the sum of $1,800 against loss of a certain mink coat. Thereafter, the defendant stored the coat with L. Bamberger & Co. While the policy was in force, L. Bamberger & Co. advised the defendant that the mink coat had disappeared from its storage plant. The defendant made a claim against the complainant on the policy and was paid the full amount thereof. A week later, the storage company paid the defendant for the loss of the coat, $1,500. Complainant sues to recover this sum.

"An insurer, upon paying the insured for a loss occasioned by the fault of a third party, becomes subrogated to the right of the assured to proceed against the third party. Where the insured receives the amount of his loss from the third party, he holds the sum recovered in trust for the insurer. *Monmouth County Mutual Fire Insurance Co.* v. *Hutchinson, 21 N. J. Eq. 107; Fire Association of Philadelphia* v. *Schel-*

*lenger, 83 N. J. Eq. 144;* reversed on another point, *84 N. J. Eq. 464.* We have no evidence as to the cause of the loss but only the statement in the bill admitted by the answer, that the coat disappeared from the place of storage. But the mere loss of the article by one who had undertaken for hire to care for it, raises a presumption of negligence. *Jackson* v. *McDonald, 70 N. J. Law 594; Manson* v. *Pullman Association, 60 Atl. Rep. 1120.* There is also authority for the proposition that the insurer's right to subrogation is not limited to claims based on tort but extends to a cause of action by the insured against a third party founded on contract. *46 C. J. S., Insurance 154 § 1209.*

"The defendant says that the coat was worth at least $3,300, the sum of the amounts received from complainant and Bamberger. It is the rule that the insured is not liable to the insurer for moneys received from a tort feasor, where the total of his recovery from both the insurer and the tort feasor does not exceed his loss. He holds only the excess over his loss in trust for the insurer. *Camden Fire Insurance Association* v. *Prezioso, 93 N. J. Eq. 318.* And it was so decided in the case now before me on motion to strike the answer. *Federal Insurance Co.* v. *Engelhorn, 139 N. J. Eq. 250.* This, however, is a matter of defense and it is incumbent on the insured to prove that the sum recovered does not exceed the value of the coat which she lost. The only evidence of the value of the coat appears in the storage receipt given defendant by Bamberger. It states the value at $1,500 and contains this provision: 'When the owner refuses or neglects to place a valuation on the article stored, L. Bamberger & Co. will make a valuation and the acceptance of this receipt shall be an acquiescence in such valuation by the owner.' Of course, an appraisal by that company or its representative is not evidential *per se* but the acceptance of the receipt by the defendant containing the clause which I have quoted is evidential as an admission by her. It is not weighty evidence but it is the only proof on the subject before me.

"The defendant urges that her contract with Bamberger was one of insurance and that that company as insurer and not as bailee paid defendant $1,500 and therefore that the

rule on which complainant relies does not apply to this case. The paper which constitutes the contract between Bamberger and defendant is entitled Fur Storage Receipt. It acknowledges receipt from defendant of the mink coat 'value $1,500, storage charge $20.' Then follows this statement: 'The articles listed herein at the value given are accepted by L. Bamberger & Co. for storage until January 31st of the following year for and in consideration of the storage and insurance charges named above and upon the terms and considerations printed on both sides of this fur storage receipt.' Among the terms are an agreement that the bailee 'shall arrange to have them [the articles stored] insured from the date hereof until January 31st of the following year against loss or damage by fire, lightning or theft. * * * wherever injury, damage or loss shall arise from any cause against which L. Bamberger & Co. has insured the property, L. Bamberger & Co. will adjust the loss with the insurance companies to the best of its ability and the basis of settlement between L. Bamberger & Co. and the owner shall be the same as the basis of settlement effected between the insurance companies and L. Bamberger & Co.' The storage receipt is not a policy of insurance and Bamberger was not liable as insurer but as bailee. The receipt does contain a covenant to procure insurance against certain mishaps. Presumably such insurance was held by the bailee, and the bailor undoubtedly had an interest therein. But there is no evidence that the loss of the mink coat was caused by theft or other happening against which the bailee had agreed to obtain insurance. Or that any insurance company reimbursed the bailee or provided the sum of $1,500 which it paid to defendant. There is no presumption of theft. It is equally likely that the coat was carelessly delivered by the bailee's employees to some other customer of the bailee.

"There may be a decree for complainant."

*Mr. Francis P. Meehan,* for the appellant.

*Mr. John F. Leonard,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 13.

*For reversal*—None.