THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT *v.* JOHN W. CONLON

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

416

Argued December 10, 1965—decided February 1, 1966

*Wallace R. Burke,* with whom, on the brief, was *Maxwell Heiman,* for the appellant (defendant).

*William E. Glynn,* with whom, on the brief, was *Charles W. Page,* for the appellee (plaintiff).

ALCORN, J.   The defendant has appealed from a judgment for the plaintiff, hereinafter referred to as the company, founded upon a claim of unjust enrichment.

The defendant, John W. Conlon, was insured by the company under a $50 deductible policy of collision insurance in the standard form.   The policy provided: "In the event of any payment under this policy the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights."   While the policy was in effect, Conlon

was involved in an automobile accident, and the company paid him $1760 in satisfaction of the damage to his automobile arising out of that accident. Upon receiving this payment, Conlon executed a release and an agreement subrogating the company to his right to recover for the damage to his vehicle. The company thereupon brought an action in Conlon's name to recover for the property damage to the vehicle. Conlon also brought his own action (*Conlon* v. *Higgins,* Superior Court, Hartford County, No. 107443) to recover for both personal injuries and property damage caused by the accident. The company's action, which was originally commenced in the Court of Common Pleas, was transferred to the Superior Court to be tried as a companion case with Conlon's action, No. 107443, but was thereafter discontinued by the court on May 13, 1960. Why the case was not proceeded with to judgment does not appear. Conlon had tried his action to the court and recovered a judgment of $70,000 on January 12, 1959. That judgment was satisfied, and the company demanded payment from Conlon of $1460, which he refused to pay, claiming that the $70,000 judgment which he had obtained did not include an amount for damage to his automobile. The amount of $1460 was arrived at by deducting the $300 which the company had realized on a sale of Conlon's damaged vehicle from the $1760 paid Conlon under the policy.

The company thereupon brought this action in two counts. The first count, after stating the defendant's involvement in the accident, the existence and terms of the insurance policy, the payment thereunder and the execution of a release and subrogation agreement as already recited, alleged that Conlon had received $1800 for the damage to his

automobile which was included in the $70,000 judgment and that, in failing to pay over any of the sum which rightfully belonged to the company, he had violated his contract by refusing to cooperate with the company in effecting a recovery. The second count incorporated the basic facts of the first count and sought to recover $1760 on the ground of unjust enrichment. Conlon filed an answer admitting only his involvement in an accident and the existence of the policy of collision insurance and a special defense alleging that the judgment of $70,000 which he had recovered "was not broken down" and that he did "not believe that any part of the recovery obtained by him covered property damage but was for personal injuries and connecting [sic] losses." The special defense also alleged that the company had brought an action for recovery of the property damage but had not pursued that claim. The company denied these latter allegations and pleaded no information to the allegations concerning the content of the $70,000 judgment. On the issues framed by the pleadings, the company had the burden of proving that the judgment recovered by Conlon included an item for property damage to the automobile in the amount of $1800, and as a result that it was entitled to recover $1460 under the contract theory of the first count or the sum of $1760 on the unjust enrichment theory of the second count. *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210; *Costello* v. *New York Cent. & H.R.R. Co.,* 238 N.Y. 240, 244, 144 N.E. 514.

Following a court trial, judgment was rendered for Conlon on the first count and in favor of the company on the second count. The company was awarded $1460 damages on the ground of unjust enrichment, and it took no appeal from the judg-

ment in Conlon's favor on the subrogation claim in the first count. The only issue before us is the correctness of the action of the trial court in rendering judgment for the company to recover $1460 on the ground of unjust enrichment.

The proposition is well established that an insurer's right to subrogation, such as that accorded this company both under the terms of the policy of insurance and the agreement signed by Conlon following the loss, includes a claim against any judgment secured by the insured against the party at fault for the amount paid by the insurer in satisfaction of the insured's damage claim under the policy. *Cary* v. *Phoenix Ins. Co.*, 83 Conn. 690, 699, 78 A. 426; see also *General Exchange Ins. Corporation* v. *Driscoll*, 315 Mass. 360, 364, 52 N.E.2d 970; *Federal Ins. Co.* v. *Engelhorn*, 141 N.J. Eq. 349, 350, 57 A.2d 478; *Hamilton Fire Ins. Co.* v. *Greger*, 246 N.Y. 162, 164, 158 N.E. 60. The plaintiff, however, has taken no appeal from the judgment on the first count under which it asserted its contract right to this remedy. And it asserts no right of recovery on any theory of constructive trust or doctrine of equitable property rights as suggested in cases such as *Regan* v. *New York & N.E.R. Co.*, 60 Conn. 124, 133, 22 A. 503; *General Exchange Ins. Corporation* v. *Driscoll,* supra; *Hayward* v. *State Farm Mutual Automobile Ins. Co.*, 212 Minn. 500, 4 N.W.2d 316; and *Federal Ins. Co.* v. *Engelhorn,* supra. We need not consider whether the second count is sufficient to state a cause of action for a recovery on the ground of unjust enrichment when its allegations, incorporated by reference from the first count, set forth, as the basic facts, the contract obligations under the policy. See cases such as *Matarese* v. *Moore-McCormack Lines, Inc.*, 158 F.2d 631, 634 (2d Cir.);

*Misisco* v. *LaMaita,* 150 Conn. 680, 684, 192 A.2d 891; *Franks* v. *Lockwood,* 146 Conn. 273, 278, 150 A.2d 215; *Chatfield* v. *Fish,* 126 Conn. 712, 713, 10 A.2d 754. This is so because the decisive issue, in this case, is whether the plaintiff has succeeded in proving what item of property damage, if any, was included in the judgment obtained by Conlon.

The finding is that the trial court took judicial notice of the file in case No. 107443 brought by Conlon, that the judgment file in that case recited only that the court "finds the issues for the plaintiff [Conlon]", and that Conlon was awarded "a general judgment in the amount of $70,000 damages." For an explanation of the judgment the trial court in the present case turned to the memorandum of decision in case No. 107443 and found that it stated that Conlon's automobile was substantially injured, that property damage to the automobile was claimed, that that damage amounted to approximately $1800 and that "considering and weighing all items and factors relating to injuries, the Court concludes that total compensatory damages in the amount of $70,000 should be awarded to the plaintiff." From that finding of subordinate facts the court in this case concluded that the $70,000 judgment embraced an award of damages for injury to Conlon's automobile. The finding contains no conclusion as to the amount of that award. It does contain a conclusion, however, that the company established that Conlon had unjustly enriched himself at the expense of the company in the amount of $1460.

These were conclusions of ultimate fact based upon the subordinate facts found, and the question at once arises as to whether they may be legally or logically drawn from the subordinate facts.

*Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220; *Del Gaudio* v. *Ingerson,* 142 Conn. 564, 567, 115 A.2d 665. The court reached its conclusions as to the content of the judgment in case No. 107443 from its findings as to statements contained in the memorandum of decision in that case. A memorandum of decision establishes no facts. *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; *Crighton* v. *Jacobs,* 100 Conn. 281, 283, 123 A. 437. Beyond that, the finding of the court in the present case is only that the memorandum of decision in case No. 107443 made the statements alluded to. In the absence of an express finding by the court in that case, the fact that these items were mentioned in the memorandum of decision did not establish that they entered into the judgment rendered. *Sadonis* v. *Govan,* 132 Conn. 668, 669, 46 A.2d 895.

The facts expressly stated in the finding must furnish the basis on which this appeal is determined. *Zitkov* v. *Gorsky,* 106 Conn. 287, 289, 137 A. 751; *Barlow Bros.* v. *Lunny,* 102 Conn. 152, 154, 128 A. 115. Both because the court has failed to find that any specific amount was included in the judgment in case No. 107443 to cover property damage to Conlon's vehicle and because the court's conclusion that the judgment did include an award in some undisclosed amount is unsupported by the subordinate facts, the judgment in the company's favor cannot stand. *Buckley* v. *Webb,* supra.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.