219 So.2d 127 (1969)
Leonard Robert SELFRIDGE, Jr., Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 955.
District Court of Appeal of Florida. Fourth District.
February 27, 1969.
*128 Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellant.
John R. Beranek and James C. Paine, of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
WALDEN, Chief Judge.
This appeal by plaintiff, Leonard Robert Selfridge, Jr., is from a final order dismissing with prejudice his second amended complaint.
Plaintiff was injured in an automobile collision. The other driver, Clinton B. Wing, Jr., held an insurance policy from Allstate, which included bodily injury liability coverage limited to $10,000 for each person.
Plaintiff filed suit against Wing, the insured. Before the trial stage was reached, plaintiff's counsel offered to settle the case for an amount within the limits of the insurance policy. The offer was rejected by Allstate's counsel who was representing Wing, and the case went to trial.
Trial resulted in a judgment in the amount of $20,000 in favor of plaintiff and against the insured. Wing, therefore, became liable to plaintiff for the $10,000 excess of the judgment over the liability policy limits.
Wing went into bankruptcy. From his trustee in bankruptcy, plaintiff purchased an assignment of his cause of action against Allstate for alleged negligent failure to settle the claim within the policy limits. Plaintiff brought suit against Allstate on this cause of action.
The trial court granted a motion to dismiss by defendant Allstate holding that "the cause of action complained upon is based on an alleged tort and may not be transferred or assigned." Plaintiff appeals and we reverse.
The question presented by this appeal is whether an insured's cause of action against his liability insurer for alleged negligent failure to settle within policy limits is assignable. No Florida decision has yet made this determination, and comparatively few other jurisdictions have so far been faced with this question. See annotation at 12 A.L.R.3d 1158. Our review of the several decisions which are on point and of the law of assignments in Florida causes us to hold that the better view is that such a cause of action is assignable.
Initially, we note that assignability of a cause of action is the rule rather than the exception. Certainly causes of action based on contract are assignable. Spears v. West Coast Builders' Supply Co., 1931, 101 Fla. 980, 133 So. 97. Generally if a cause of action would survive the assignor, it may be assigned by him. See 3 Fla.Jur., Assignments, § 5.
*129 F.S. Section 45.11, F.S.A. 1965,[1] provided as to survivability of a cause of action that:
"All actions for personal injuries shall die with the person, to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representative of the deceased."
Thus, except for the specifically enumerated causes of a peculiarly personal nature, even many causes of action based on tort survive.[2] An exception, however, to the general principle that assignability follows survivability is Florida's apparent adherence to the common-law proscription against assignability of personal injury claims.[3] But we are persuaded that this cause of action, at least, is not based on a personal tort of a nonassignable nature. We therefore need not further characterize it as based on tort or contract.
Nor do we find public policy to be a bar to assignment of this cause of action. The Pennsylvania Supreme Court in Gray v. Nationwide Mutual Insurance Co., 1966, 422 Pa. 500, 223 A.2d 8, held that an insured's claim against his insurer for breach of its duty to settle claims in good faith was assignable, reasoning that the action of the insurer constituted a breach of the insurance contract.
Consideration was given by the Pennsylvania court to the question of whether such assignments would foster fraud and collusion between the insured and the claimant. The answer given was:
"The possibility of collusion between a judgment holder and an insured is no way increased by an assignment. If the insured's liability on the judgment is not affected by the assignment, the interests of the parties are similarly unaffected. Whether the action would be brought in the name of the policy-holder or in the name of the assignee, the policy-holder would be intent upon relieving himself of the excess judgment, and the assignee would be seeking to secure the balance due him. If the insured's liability is terminated by the assignment, as in the present case, the possibility of collusion is more remote. Having been relieved of the judgment, the insured no longer has any pecuniary interest in the outcome of the litigation."
Since we find that an insured's cause of action against his insurer for wrongful failure to settle within policy limits is not based on a personal tort, and is therefore assignable, and since such an assignment is not against public policy, we reverse and remand this case for further proceedings.
Reversed.
McCAIN, J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.
NOTES
[1] This statute was amended and transferred effective June 26, 1967. It now states:

"§ 46.021 Actions; surviving death of party
No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law."
[2] Ake v. Birnbaum, 1945, 156 Fla. 735, 25 So.2d 213.
[3] See Clar v. Dade County, Fla.App. 1959, 116 So.2d 34, in which it was observed that Florida appears to follow the common-law rule on non-assignability of per-personal injury claims. DeCespedes v. Prudence Mut. Cas. Co., Fla.App. 1966, 193 So.2d 224.