240 So.2d 98 (1970)
Everett DOUBERLEY and Ernestine E. Douberley, His Wife, and Edward L. Branam and Mary Alice Branam, His Wife, for the Use and Benefit of Continental Casualty Company, an Illinois Corporation, Appellants,
v.
Julian ANGELINI and Julia T. Angelini, His Wife, Appellees.
No. 69-1112.
District Court of Appeal of Florida, Third District.
October 13, 1970.
Rehearing Denied November 4, 1970.
Knight, Underwood, Peters, Hoeveler & Pickle, and R.M. MacArthur, Miami, for appellants.
Fowler, White, Humkey, Burnett, Hurley & Banick and Michael J. Cappucio, Miami, for appellees.
Before PEARSON, C.J., and CHARLES A. CARROLL and SWANN, JJ.
CARROLL, Judge.
The plaintiffs below filed this appeal from an adverse summary judgment. The individual appellants were purchasers from the appellees of a parcel of land comprising ten acres. The transfer was by warranty *99 deed. Subsequently the purchasers were ousted from approximately one-third of the property by the Central and Southern Florida Flood Control District which held a right to take the same without compensation for drainage canal purposes, by virtue of a reservation in a prior conveyance in the chain of title. Cf. Albury v. Central and Southern Florida Flood Control District, Fla.App. 1958, 99 So.2d 248. The value of the part so taken appears to have been approximately $7,000.
The purchasers had engaged an attorney to examine the title and advise them regarding the same. The attorney had prepared and submitted to them an opinion of title in which the reservation in question was not observed or noted. Based on that opinion of title, as submitted also to the title insurer, Lawyers Title Guaranty Fund, a Florida Business Trust (hereinafter referred to as the title insurer), the latter had issued to the purchasers a title insurance policy incident to the sale of the land to them, with no exception stated therein as to the drainage canal reservation. The attorney held an insurance policy from Continental Casualty Company, indemnifying him against loss by reason of negligence on his part.
The title insurer discharged its liability under its title insurance policy by payment to the purchasers of the amount agreed upon between them as to the value of the part taken, and thereupon the title insurer became subrogated to the rights of the purchasers against the sellers for breach of warranty. Atlantic Coast Line R. Co. v. Campbell for Use and Benefit of National Fire Ins. Co., 104 Fla. 274, 279, 139 So. 886, 888; Federal Ins. Co. v. Englehorn, 141 N.J. Eq. 349, 351, 57 A.2d 478, 479 (1948); Standard Acc. Ins. Co. v. Pellecchia, 15 N.J. 162, 104 A.2d 288, 296 (1954); Tschider v. Burtts, N.Dak. 1967, 149 N.W.2d 710, 711. Continental discharged its obligation under its policy by which it had indemnified the lawyer, by reimbursing the title insurer for the amount it had paid to the purchasers (for which the latter, as well as the title insurer, had a claim against the lawyer). Thereupon, the title insurer assigned to Continental its rights against the sellers, which it had acquired by subrogation upon payment to the purchasers as required under the title insurance policy.
This suit was then filed against the sellers by the purchasers for use and benefit of Continental, the assignee of the subrogee title insurer. Both plaintiffs and defendants moved for summary judgment. Evidentiary matter submitted therewith, together with the pleadings, revealed the circumstances recited above. The trial court entered an order which denied the plaintiffs' motion, granted the defendants' motion and entered the summary judgment for the defendants. We find error.
The form in which the suit was brought against the sellers (by the purchasers for use and benefit of the assignee of the subrogee), was proper. This is so because that was the form in which an action could have been styled if brought for enforcement of the rights of the subrogee (title insurer), and since the subrogee's rights were assignable[1] the action for enforcement of the subrogation rights as held by the assignee of the subrogee was properly *100 brought in the same form. Thus, in Gould v. Weibel, Fla. 1952, 62 So.2d 47, 49, the Supreme Court said:
"Under the law of this state, the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer. Atlantic Coast Line R. Co. v. Campbell for Use and Benefit of National Fire Ins. Co., 104 Fla. 274, 139 So. 886."
Also, in Atlantic Coast Line R. Co. v. Campbell, supra, the Court said:
"* * * And it is also well settled that the proper mode of enforcing such right of subrogation is by an action in the name of the assured for the benefit of the insurance company. * * *"
For the reasons stated, the summary judgment entered in favor of the defendants is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
NOTES
[1] Florida Power Corp. v. McNeely, Fla. App. 1961, 125 So.2d 311; Boulevard Nat'l Bank of Miami v. Air Metal Indus., Inc., Fla. 1965, 176 So.2d 94, 97; Fred S. Conrad Constr. Co. v. Exchange Bank of St. Augustine, Fla.App. 1965, 178 So.2d 217, 219; Selfridge v. Allstate Ins. Co., Fla.App. 1969, 219 So.2d 127; McNulty v. Nationwide Mut. Ins. Co., Fla. App. 1969, 221 So.2d 208, 210, and Nationwide Mut. Ins. Co. v. McNulty, Fla. 1970, 229 So.2d 585 discharging cert. While we have not been shown a Florida decision directly dealing with assignment of the rights of an insurer subrogee, in other jurisdictions where that precise question has arisen, such assignments have been recognized and held to be effective. See McClaren v. Anderson, 1931, 110 W. Va. 380, 158 S.E. 379; Mosher v. Conway, 1935, 45 Ariz. 463, 46 P.2d 110. See also 83 C.J.S. Subrogation § 12, stating: "The right of subrogation may be assigned and enforced by the assignee."