The plaintiff has brought a negligence action against the defendant to recover damages for alleged injuries. In his answer, the defendant has set up four special defenses. The plaintiff has demurred *Page 244 
to the second, third and fourth special defenses. The first special defense deals with the issue of contributory negligence and, accordingly, has not been demurred to. At the hearing on the demurrer, the defendant represented that he was withdrawing the third special defense relative to champerty and maintenance.
The second and fourth special defenses are similar in that they allege that the action is being pursued in the name of the plaintiff "in connection with, arising out of, or originating as the result of an agreement of assignment, subrogation, insurance agreement or contract or other agreement between the plaintiff and the plaintiff's insurance company." Both defenses allege that the agreement is void and violates public policy.
It would have been helpful to the court if the insurance policy were made part of the record. However, both counsel in argument agreed that the issue involves an uninsured motorist policy.
An insurance policy is a contract between the insured and the insurance company, and in this case between the plaintiff and her company. The plaintiff instituted this action in her own name and through her own attorney. Later, after being paid pursuant to the terms of her policy or contract with her insurance company, her attorney was replaced by the present attorney for the plaintiff. Pursuant to the terms of the policy, the plaintiff assigned or subrogated her rights to her insurance company. This company has the right to recover whatever sums it has paid to the plaintiff.
The proposition is well established that an insurer's right to subrogation, such as that accorded this company both under the terms of the policy of insurance and any agreement signed by the plaintiff following the loss, included a claim against any *Page 245 
judgment secured by the insured against the party at fault for the amount paid by the insurer in satisfaction of the insured's damage claim under the policy. Automobile Ins. Co. v. Conlon, 153 Conn. 415,419; Cary v. Phoenix Ins. Co., 83 Conn. 690, 699. An insurer indemnifying an insured against loss occasioned by the wrongful act of a third person is ordinarily subrogated to the rights of the insured against the third person on the equitable principle that the ultimate loss should fall on the one who, in good conscience, ought to bear it. State v. BloomfieldConstruction Co., 126 Conn. 350.
The common law of champerty and maintenance has never been adopted in this state as applied to civil actions, and the true and exclusive inquiry and test of the right to seek relief from a court of equity is whether the transaction relied upon is opposed to public policy. Rulnick v. Shulman, 106 Conn. 66, 70;Metropolitan Life Ins. Co. v. Fuller, 61 Conn. 252,260.
There is a difference between a "sale of an interest to which a right to sue is incident" and "a mere right to sue." Metropolitan Life Ins. Co. v. Fuller, supra. In this case, the right to continue the suit of the plaintiff is incident to the contract of insurance entered into prior to the accident which is the subject matter of this action. We cannot comprehend any unjust consequences accruing to the defendant by reason of the assignment of the plaintiff's claim to her insurance company. The plaintiff certainly could personally pursue this action to conclusion. As a matter of fact, it is possible for the plaintiff to recover, personally, additional money if a judgment is recovered against the defendant in an amount greater than the insurance company's interest. The defendant still may allege any defense or defenses against the plaintiff regardless of who is actually pursuing the action. The alleged wrongdoer cannot *Page 246 
claim to have any right in determining what attorney or attorneys are representing the plaintiff during any stage of the trial.
 Accordingly, the demurrer to the second and fourth special defenses is sustained.