[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
INTRODUCTION
The amended complaint in this case contains two counts. The first count seeks reimbursement from the defendant of money paid by the plaintiff to the defendant under the basic reparations ("BRB") coverage of an automobile insurance policy, and the second count seeks reimbursement of the same payments on the ground of unjust enrichment.
This case was tried to the court on a stipulation ("Stipulation") of facts. The stipulated facts which are relevant to this decision are:
 On February 17, 1993, an automobile insurance policy (the CT Page 12534 "policy"), which had been issued by the plaintiff to the defendant, was in effect;
The policy provided BRB coverage to the defendant;
 On February 17, 1993, the defendant was involved in an automobile accident (the "accident") in New Jersey, as a result of which she claimed to have suffered bodily injuries;
 Pursuant to its BRB coverage, the plaintiff paid to the defendant $3,759.71 in respect of medical expenses incurred by her for the treatment of the injuries which she claimed to have suffered in the accident;
 The defendant instituted suit in New Jersey against Leokadia Cyganik ("Cyganik"), whom the defendant claimed was responsible for the accident, in respect of her alleged bodily injuries;
 The defendant settled her case against Cyganik. While the Stipulation does not state what amount of money, if any, was paid to the plaintiff as consideration for her settling her case against Cyganik, the court infers from the claims and arguments of counsel that some amount of money was paid to the defendant;
The Policy contains the following provision:
 If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
 1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment.
NEW JERSEY LAW
A copy of the complaint in the defendant's action against Cyganik (the"Cyganik complaint") is incorporated into the stipulation. According to the Cyganik complaint (the allegations of which have not been disputed by the plaintiff and which, since they are incorporated into the stipulation, are taken by the court as admitted), Cyganik was a New Jersey resident and the accident occurred in New Jersey. Therefore, the court concludes CT Page 12535 that the law of New Jersey governed the defendant's claims against Cyganik.
The defendant argues that under New Jersey law, the defendant had the right to recover damages from Cyganik for bodily injuries suffered by her, but that her right of recovery did not allow her to recover for medical expenses incurred by her for the treatment of such injuries for which she was paid by her own BRB carrier. In support of that proposition, the defendant cites New Jersey Statutes Annotated 39:6A-12 (the "statute"), which states:
 39:6A-12. Inadmissibility of evidence of losses collectible under personal injury protection coverage.
 Except as may be required in an action brought pursuant to section 20 of P.L. 1983. c. 362 (C. 39:6A-9.1), evidence of the amounts collectible or paid pursuant to sections 4 and 10 of P.L. 1972, c. 70 (C. 39:6A-4 and 39:6A-10). to an injured person, including the amounts of any deductibles, co-payments or exclusions, including exclusions pursuant to subsection d. of section 13 of P.L. 1983, c. 362 (C. 39:6A-4.3), otherwise compensated is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
 The court shall instruct the jury that, in arriving at a verdict as to the amount of the damages for noneconomic loss to be recovered by the injured person, the jury shall not speculate as to the amount of the medical expense benefits paid or payable by an automobile insurer under personal injury protection coverage to the injured person, not shall they speculate as to the amount of benefits paid or payable by a health insurer, health maintenance organization or governmental agency under subsection d. of section 13 of P.L. 1983, c. 362 (C. 39:6A-4.3).
 Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party.
The defendant has also brought to the court's attention the following excerpt from Cirelli v. Ohio Casualty Ins. Co., 72 N.J. 380, 371 (1977):
 The No Fault Law grants an insurer paying PIP benefits subrogation rights, exercisable by intercompany arbitration CT Page 12536 against only the insurer of the tortfeasor. N.J.S.A. 39:6A-9. However, the same section provides that it shall be inoperative after December 31, 1974. This has been held to mean that subrogation rights have been extinguished with respect to accidents occurring after that date . . . A corollary of this principle was the statutory recognition that the injured person who was the beneficiary of the PIP payments could not and should not recover from the tortfeasor the medical, hospital and other losses for which he had already been reimbursed. See N.J.S.A. 39:6A-12. Otherwise he would have been unduly enriched by double recovery of those expenses.
Id.
From the statute and Cirelli, the court concludes that, at the time of the accident, New Jersey law did not permit one insured under a policy containing PIP coverage issued under New Jersey law who was injured in an accident to recover from the responsible tortfeasor for medical expenses paid under the PIP coverage.
DISCUSSION
First Count
The first count of the amended complaint seeks to enforce the plaintiff's right, under the policy, to reimbursement from the defendant of the amount of BRB payments made by the plaintiff to the defendant. Pursuant to the policy, the plaintiff enjoys a right to such reimbursement "to the extent of our payment," if the plaintiff "recovers damages from another." Accordingly, the plaintiff can only recover from the defendant if the defendant recovered "damages", as that word is used in the policy, from Cyganik.
The inquiry into whether the defendant recovered "damages" from Cyganik begins with a review of the Cyganik complaint to see what injuries were alleged. In the Cyganik complaint, the defendant alleged that she "was severely injured and disabled, suffered and will suffer great pain and torment, both mental and physical and was and will be deprived from attending to her usual duties and activities for a long period of time." The Cyganik complaint makes no reference to, and seeks no damages for, medical expenses incurred by the defendant. CT Page 12537
Because the Cyganik complaint did not allege the defendant's medical expenses as an element of damage, the court concludes that the recovery made by the defendant from Cyganik was not, in any part, in respect of her medical expenses. The question thus presented is whether an insured "recovers damages," as that phrase is used in the plaintiff's BRB subrogation clause, when the insured makes a recovery which does not compensate the insured for medical expenses.
The plaintiff argues that "damages" means damages for any injury suffered by the defendant in the accident for which the defendant recovered from Cyganik, regardless of whether the plaintiff has paid the defendant in respect of that injury. At oral argument, counsel for the plaintiff claimed (in response to a question from the court) that the plaintiff would be entitled to reimbursement from the defendant under its BRB subrogation rights even if the defendant had recovered from Cyganik only for property damage sustained by her vehicle.
The defendant, on the other hand, argues that "damages," as used in the policy, are limited to items of expense for which BRB payments have been made.
To the extent that the phrase "recovers damages" in the BRB subrogation clause can be construed to be ambiguous, one of the basic rules of construction of language in insurance policies applies, as it was recently restated in Peerless Ins. Co. v.Gonzalez, 241 Conn. 476 (1997), as follows:
 If, however, the insurance coverage is defined in terms that are ambiguous, such ambiguity is . . . resolved against the insurance company. Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted. (Quotation marks and citations omitted.)
Id., 482.
In Automobile Ins. Co. v. Conlon, 153 Conn. 415 (1966), the defendant (an insured of the plaintiff) had previously collected on a judgment against the tortfeasor responsible for an automobile accident on a complaint which sought recovery both for personal injuries and for property damage to an automobile, and the plaintiff insurer sought to recover the amount it had paid its insured (the defendant) for that property damage pursuant to CT Page 12538 its collision policy. Because the judgment against the tortfeasor was in a lump sum which did not indicate the part of the award, if any, attributable to property damage, the Conlon court refused to permit recovery by the insurer, presumably because it was not clear that the recovery against the tortfeasor included the full amount of the property damage payment to which the insurer was subrogated.
Thus, the plaintiff here seeks reimbursement in respect of the defendant's recovery from Cyganik, which did not include the medical expenses for which the plaintiff had paid the defendant. This claim conflicts with the result in Conlon, in which the plaintiff could not recover from its insured the amount it had paid for property damage under its collision policy, even though the insured may well have recovered that amount from the tortfeasor.
In Sargeant v. Local 478 Health Benefits Ins. Fund,746 F. Sup. 241 (D. Conn. 1990), which involved subrogation rights, Judge Dorsey cited Conlon as authority for the following proposition:
 The party seeking reimbursement must prove that the amount sought for reimbursement was included in the settlement obtained by the beneficiary.
Id., 246.
Relying on Peerless, Conlon and Sargeant, the court construes the phrase "recovers damages" to refer to a recovery which includes as an element of compensation the defendant's medical expenses, and because the court has concluded that the defendant's recovery from Cyganik was not, in any part, in respect of the defendant's medical expenses, the court concludes that the plaintiff has no right of recovery under its BRB subrogation-clause.
The question whether the statute has abolished the right of a plaintiff who received BRB payments under a policy issued under the law of a state other than New Jersey is not addressed by the court. Rather, the court has simply construed the language creating the plaintiff's BRB subrogation rights and found that the defendant did not make the type of recovery which triggers those rights. The court has discussed the statute only to explain the defendant's belief that she could not recover from Cyganik CT Page 12539 for her medical expenses, and not to suggest that the defendant is correct in that belief. In light of the court's construction of the policy language, and in the absence of any evidence that the defendant's failure to seek recovery for her medical expenses from Cyganik was an act of bad faith intended to prejudice the plaintiff, the issues on the first count are found for the defendant.
 Second Count
Because the defendant did not recover from Cyganik in respect of those medical expenses for which she was paid under the plaintiff's BRB coverage, the defendant was not twice compensated for those expenses and she therefore has not been unjustly enriched. The issues on the second count are found for the defendant.
 CONCLUSION
Judgment is entered on both counts in favor defendant, together with costs.
G. Levine, J.